VALENTINE DIEFENTHALER, Appellant and Respondent, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant and Respondent.

JULIA FRIEND, Appellant, v. THE SAME, Respondent.

The provisions of the act of 1880 (Chap. 550, Laws of 1880), providing for vacating and modifying assessments for local improvements in the city of New York, apply only to cases of assessments which are a lien at the time of the commencement of proceedings.

The remedy given by said act to an individual who has paid an illegal or irregular assessment applies only where an assessment for the same improvement upon the lands of other parties has been vacated or reduced by the commissioners appointed under the act.

In an action, therefore, to recover back a proportionate part of moneys paid upon an assessment *prima facie* valid, and which created an apparent lien upon the land assessed, where the facts rendering a portion of the assessment invalid were all *de hors* the record, it is no defense that the assessment has not been vacated or reduced under and in pursuance of said act.

The six years statute of limitations applies to such a cause of action, and this is so, conceding the necessity of a provision in the judgment vacating or reducing the assessment; this is a mere incident to the legal cause of action to recover back the money paid.

Although an equitable action may have for its object the accomplishment of the same end as one at law and be based upon the same cause of action, where the remedy sought in equity is a mere incident to the main obligation, and that is a legal one, the legal limitation applies.

*It seems* where an assessment has been paid, a court of equity has no jurisdiction of an action brought simply to have it set aside.

(Argued October 16, 1888; decided November 27, 1888.)

THESE are cross appeals from judgments of the General Term of the Supreme Court in the first judicial department, made March 2, 1888, which affirmed in each case a judgment entered upon orders overruling plaintiff's demurrer to the sixth

defense set up in the answer and sustaining the demurrer to the seventh defense set up in the answer. (*Mem.* of decision below, 47 Hun, 627.)

The nature of the actions and the substance of the defenses demurred to are stated in the opinion.

*Herbert A Shipman* for plaintiffs. The complaint alleges facts sufficient to constitute a cause of action against the defendant. (*Jex* v. *Mayor, etc.*, 103 N. Y. 536, 540 ; *Strusburg* v. *Mayor, etc.*, 87 id. 452; *In re Lima*, 77 id. 170 ; *In re Hughes*, 93 id. 513 ; *Delano* v. *Mayor, etc.*, 32 Hun, 144; Laws of 1873, chap. 312, § 18; Id. chap. 613, § 3.) The language of the act of 1874 (Chap. 312), itself shows that it was not intended to apply to a case of this character. (Cooley's Const. Lim. [3d ed.] 57.) The act of 1858 (Chap. 338, as amended by the act of 1874, chap. 312), is only applicable when the lien of the assessment exists. (*In re Lima*, 77 N. Y. 170; *In re Hughes*, 93 id. 513.) The legislature cannot deprive a party of a substantial right under pretense of regulating a mode of procedure. (*Taylor* v. *Porter*, 4 Hill, 144.) If the construction of the prohibitory clause of the act of 1874, claimed by the defendant, is the true one, then the act is unconstitutional. It is competent for the legislature to deprive a court of equity of the power of giving a particular remedy, but it cannot deprive a party of all remedy. (Cooley's Const. Lim. [3d ed.] 239 ; *Lennon* v. *Mayor, etc.*, 55 N. Y. 361 ; *Strasburg Case*, 87 id. 456 ; *Taylor* v. *Porter*, 4 Hill, 144.) The fact that " prices of the principal part of the work necessary to perform and perfect said improvement were fixed by the commissioner of public works," etc., renders the assessment as to such items, as are not made subject to public competition, invalid. (*In re Merriam*, 84 N. Y. 596.) This defect cannot be held jurisdictional. (*In re Merriam*, 84 N Y. 596.) It was necessary for the plaintiff to proceed in equity to vacate such proceedings before he could recover back moneys paid thereon. (*Brundage* v. *Village of Portchester*, 102 N. Y. 497.) Where the legal remedy is imperfect the statute bar, which relates to the equitable remedy

sought, will govern the case. (*Rundle* v. *Allison*, 34 N. Y. 180.) Assessments being of the nature of mortgages and judgments, are subject to the same statute bar. (*Mayor, etc.,* v. *Colgate,* 12 N. Y. 140; *Fisher* v. *Mayor, etc.,* 67 id. 74.) The case is, therefore, governed by the twenty year statute of limitations. (Code of Civil Pro. §§ 379, 381; *Rundle* v. *Allison,* 34 N. Y. 180.) This case is governed by the provisions of section 388 of the Code of Civil Procedure;. it being a case where no special limitation has been prescribed.; (*Miner* v. *Beekman,* 50 N. Y. 337.)

*D. J. Dean* for defendant. This action cannot be maintained as an action in equity to reduce the assessment. (Laws of 1882, chap. 410, § 899; Id., chap. 580, § 7; *Lennon* v. *Mayor, etc.,* 55 N. Y. 366; *Dolan* v. *Mayor, etc.,* 62 id. 472; *Astor* v. *Mayor, etc.,* Id. 580; *Bank of Chenango* v. *Brown,* 26 id. 467; *Ensign* v. *Barse,* 107 id. 329.) An action in equity, to have the assessment declared illegal, and to recover the money that has been involuntarily paid therefor, is maintainable only when there is no statutory prohibition. (*Strasburgh* v. *Mayor, etc.,* 87 N. Y. 454; *Knapp* v. *City of Brooklyn,* 97 id. 520; *Mayer* v. *Mayor, etc.,* 101 id. 284.) Under the act of 1858 the assessed person could receive relief only while a lien, created by the assessment, existed. (*In re Lima,* 77 N. Y. 170.) If the demand for equitable relief contained in the plaintiff's complaint be disregarded, and the action be considered to be an action at law to recover money wrongfully received by the defendant, still it cannot be maintained, because no order modifying the assessment has been made in a direct proceeding brought by the plaintiff. (*Jex* v. *Mayor, etc.,* 103 N.Y. 536; *Bruecher* v. *Village of Port Chester,* 101 id. 240; *Purcell* v. *Mayor, etc.,* 85 id. 330; *Wilkes* v. *Mayor, etc.,* 79 id. 621.) The order reducing the assessment in question was made upon the petition of Mr. Hunter, and availed to relieve his lands from the assessment to the extent indicated, and does not inure to the benefit of the plaintiff. (*In re Delancey,* 52 N. Y. 80.) The plea of the six year

statute of limitations presented a defense. (*Brundage* v. *Port Chester*, 31 Hun, 129 ; 102 N. Y. 494; *Parsons* v. *City of Rochester*, 43 Hun, 258 ; *Brehm* v. *Mayor, etc.*, 104 N. Y. 186; *Jex* v. *Mayor, etc.*, 103 id. 536 ; *Clowes* v. *Mayor, etc.*, 47 Hun, 539 ; *Selpho* v. *Brooklyn*, 9 N. Y. S. Rep. 700 ; *Robinson* v. *Brooklyn*, Id. 716 ; *Van Ness* v. *Mayor, etc.*, Gen. Term, first department [not reported]). The plaintiff cannot extend the statute by demanding equitable relief; he does not need equitable relief. (*Brundage* v. *Village of Port Chester*, 31 Hun, 29 ; *Hoyt* v. *Tuthill*, 33 id. 196 ; *Borst* v. *Corey*, 15 N. Y. 505 ; *Scott* v. *Stebbins*, 27 Hun, 335 ; 91 N. Y. 605.) The formal relief demanded is not controlling as to the nature of the action. (*Bell* v. *Merrifield*, 109 N. Y. 202.) There is no foundation for the claim that the city holds the money as trustee. (*Clowes* v. *Mayor, etc.*, 47 Hun, 539 ; *Price* v. *Mulford*, 107 N. Y. 303 ; *Carr* v. *Thompson*, 87 id. 160 ; *Pierson* v. *McCurdy*, 33 Hun, 520 ; *Robinson* v. *Brooklyn*, 9 N. Y. S. Rep. 716.) The right of action accrued at the time of payment, and not at the time of filing the claim for the return of the money. (*Dickinson* v. *Mayor, etc.*, 92 N. Y. 584; *Taylor* v. *Mayor, etc.*, 82 id. 10.) Where money is paid by mistake of fact, the statute runs from the time of payment, and not from the time the mistake was discovered. (*Clarke* v. *Dutcher*, 9 Cow. 674.)

PECKHAM, J. These two actions were brought to recover back a certain proportion of moneys paid by the plaintiffs on assessments levied upon their lands in the city of New York. The facts in the two cases are precisely the same and relate to the recovery of money paid upon assessments *prima facie* valid, and which created an apparent lien upon the land assessed, and where the facts rendering a portion of the assessment invalid were all *de hors* the record, and the plaintiffs were entirely ignorant of them, and could not have obtained knowledge in regard to them by an inspection of the record or the papers attached; nor would they have appeared in the proceedings of a purchaser to enforce the lien of the same. The

answer in each case, among other things, set up as a sixth defense that the assessments had not been vacated or reduced pursuant to any of the provisions of chapter 550 of the Laws of 1880, or the laws amendatory thereof, and that the action was not commenced within a year after the confirmation of the assessment. The defendants further answering, and as a seventh and further defense, stated that the cause of action alleged in the complaint accrued more than six years before the commencement of the action, exclusive of any time during which the commencement of the action had been stayed, and that the right to maintain the action was complete more than six years and thirty days before its commencement. The plaintiff demurred to the sixth and seventh defenses above stated.

We think the courts below were right in their construction of the statute of 1880, and that it applies only to cases of assessments where a lien exists at the time of the commencement of the proceedings. The whole scope of the act shows that its purpose was to modify, vacate or reduce assessments then existing, in accordance with what the commissioners therein appointed should regard to be substantial justice. The remedy given to an individual who had paid money under an assessment for any reason, illegal or irregular, by the tenth section of the act of 1880 does not include such a case as the present. The plaintiffs simply allege that upon the petition of some third party an order of the Supreme Court was made on the 10th day of January, 1884, by which the assessment upon the lots of the petitioner in that proceeding was reduced forty-eight and three-tenths per cent. That was not a modification or reduction of the assessment made by the commissioners appointed under the act of 1880, and it was only upon such a modification or reduction that anyone who had, prior to the passage of the act paid an assessment, was entitled to a reduction equal in proportion to that made by the commissioners upon the assessment of any third party for the same local improvement. The fifth section of the act provides that the commissioners should make their decision in writing on or

before the 30th day of September, 1881, on which day their jurisdiction and authority under the act were to cease. In other words, the act provided for a reduction or vacation of assessments then existing.

There being no allegation that any reduction had been made by the commissioners in regard to this assessment, and it appearing that the order setting aside the assessment, so far as regards the third party, was made in January, 1884, more than two years after the commissioners had ceased to have any authority under the act, it is conclusive evidence that no such order was made by them. A reading of the whole act shows that it was of the same nature as that of 1858 referred to in the decision of this court in *Jex* v. *Mayor*, etc. (103 N. Y. 536). Upon the defendant's appeal from the order and judgment, sustaining the plaintiff's demurrer, they should be affirmed.

The plaintiffs appeal from the order and judgment of the General Term, overruling their demurrer to the defense of the six years statute of limitations.

It must now be considered as settled by this court that where lands are covered by an assessment which appears to be valid on its face, and to be an apparent lien upon such lands, but which assessment is, in fact, by reason of matters *de hors* the record illegal and void, even in part, if the owner has involuntarily paid the assessment in ignorance of such facts, he may, on discovery thereof, maintain an action to set aside the illegal portion of such assessment, and to recover back a proportionate part of the money so paid. (*Strusburgh* v. *Mayor*, etc., 87 N. Y. 452.) It has also been held that in the case of an assessment valid on its face, but in reality void for want of jurisdiction on the part of the assessors to make it, if the owner of the property has paid the same involuntarily, he may maintain an action to recover back the amount thus paid, without first setting aside the assessment. (*Bruecher* v. *Village of Port Chester*, 101 N. Y. 240; *Jex* v *Mayor*, etc., 103 N. Y. 536). . In regard to those cases where the assessment is invalid, not from any want of jurisdiction existing in the persons who

levied it, but from some other cause, the question of what statute of limitations is applicable where the plaintiff commences his action to set aside the assessment, and to recover back the moneys paid by reason of it, has not been settled.

The plaintiffs claim that at least the ten years, if not the twenty years, statute applies in such a case. They say it is an application to a court of equity to set aside the assessment, and that such assessment must be set aside before they can recover back the money paid by reason of it. This reasoning, they say, brings it within the ten years limitation, but they go further and say the twenty years' statute applies because an assessment is like a judgment or mortgage upon property, the lien of which lasts as long as that of a mortgage, and that there is no presumption of payment inside of twenty years, and that they have the same time in which to commence their action that the city would have to compel payment of the assessment by enforcing the lien thereof.

We think there is no plausible ground for the latter claim. In regard to the other question, we think the six years statute applies. In the first place the assessment having been paid by the plaintiffs, there is no lien remaining upon their lands and no cloud upon their title. A court of equity cannot entertain, as I think, an action to set aside an assessment as a cloud upon title after the assessment has been paid, if that be the only relief sought. The answer would be, there is no cloud, because there is no assessment. The real, substantial, governing cause of action in a case like this is the fact that the defendant has money in its hands which, *ex aequo et bono*, it ought to pay back to the plaintiffs, and the action is essentially one to recover back money which the defendant has received from the plaintiffs, but has no legal right to withhold from them.

So long as a party can unite in the same action, his right to have an assessment, which is *prima facie* legal, declared invalid with his right to recover back the money paid thereon, the whole forming one substantial cause of action, there is no

color to the claim that the real cause of action lies in the necessity of a judgment vacating the assessment. The setting aside of the assessment in such a case is a mere incident to the legal cause of action to recover back the money paid, and that being so, the legal limitation of six years in which to commence the action should be applied.

In *Borst* v. *Corey* (15 N. Y. 505), it was held that an action to enforce an equitable lien for the purchase-money of land was barred by the lapse of six years after the debt had accrued. In that case the land had been sold to the defendant, and his debt to the plaintiff for the purchase-money became due immediately upon the conveyance of the land to him. More than six years after that time the plaintiff commenced an action to enforce his equitable lien upon the land for the payment of the purchase-price thereof. At that time the relief sought, that is, the sale of the premises under the equitable lien thereon for the purchase-price, could only have been awarded by a court of equity. But for six years after the conveyance the plaintiff could have commenced his common-law action against the defendant to recover the debt, that is the purchase-money which became due immediately upon the conveyance being made. The court held that the lien upon the land for the payment of the purchase-money was merely an incident to and must stand or fall with the debt, and the action to recover the debt being barred by the legal statute of limitations, the action in equity could not be sustained. Although decided upon the provision of the statute making the limitation at law applicable to a suit in equity (2 R. S. 301, § 49), yet I refer to that case for the purpose of showing that, although an equitable action may have for its object the accomplishment of the same end as one at law, and be founded upon the same cause of action, yet where the remedy sought in equity is a mere incident to the main obligation owing by the defendant, and which is a wholly legal one, the legal limitation applies, because the cause of action is substantially a legal one.

The plaintiffs cite many cases to show that equity takes

jurisdiction of an action to set aside an assessment, even though it be absolutely void for want of jurisdiction, providing such lack of jurisdiction does not appear on its face, and would not appear, in any proceedings taken under it; and they claim that this is substantially an action of that nature.

Undoubtedly, even in cases where there is no jurisdiction on the part of the assessors to make the assessment in question, if that fact do not appear, courts of equity, where the assessment has not been paid, do take cognizance of such cases. Where, however, the assessment has been paid, I do not think a court of equity would take or would have jurisdiction in an action brought simply for the purpose of having such an assessment set aside; and that for the reasons already stated.

We are of opinion, therefore, that the plaintiff's demurrer to the defendant's answer setting up the six years' statute of limitations was properly overruled, and the order and judgment of the General Term upon both appeals should be affirmed without costs to either party as against the other.

All concur.

Judgment accordingly.