Ellen Mason, Respondent, *v.* James W. Prendergast, Appellant.

Where one holding a specific fund belonging to another, who is entitled thereto on demand, delivers the money, without the consent of the owner, to a third person, and the latter refuses to pay it over on demand, an action as for money had and received is maintainable against him, and for the purpose of relief it is not necessary to join as plaintiff the one who made the delivery.

C., the sister of plaintiff, received from their mother a sum of money, with directions to deliver one-half thereof to plaintiff. C. advised the plaintiff of this, and by her consent held her one-half, subject to her order. The donor died while the whole sum remained in the hands of C. She, without plaintiff's knowledge or consent, was induced by defendant to deliver the money to him, and he refused to pay to plaintiff her portion. *Held,* that an action was maintainable to recover plaintiff's share.

The circumstances as to the gift were testified to by C.; it was objected that she was not competent, under the Code of Civil Procedure (§ 829) to testify in regard thereto. *Held,* untenable; as defendant did not derive his claim of title to the money from, through or under the donor.

Defendant claimed the money belonged to and was by him placed in the hands of the deceased. *Held,* that he was incompetent to testify to any transaction on the subject between him and her, as plaintiff did acquire whatever interest she had from decedent.

(Argued April 18, 1890; decided June 3, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was founded upon the alleged facts that Catharine Mason held, as trustee for the plaintiff, $1,050, and, without her knowledge and consent, gave that money to the defendant, who received it with knowledge that it was so held by Catharine, and that he had refused to pay the same over to plaintiff.

The material facts are stated in the opinion.

*Adam C. Ellis* for appellant. The $2,100 was the property of defendant, and is successfully traced as such. (*Newton* v. *Porter*, 69 N. Y. 133.) It was error to receive the testimony of Kate Mason, under objection, for the purpose of showing a trust. (*Redfield* v. *Redfield*, 110 N. Y. 671; *In re Smith*, 95 id. 526.) In no event was anything more than a joint tenancy created. (2 Kent's Comm. 419; *White* v. *Osborn*, 21 Wend. 72.) There is a special equity in favor of this appellant springing out of the relation between mother and son. (Story's Eq. Juris. § 309; *Taylor* v. *Taylor*, 8 How. [U. S.] 200; Hill on Trustees, 224; *Hoghton* v. *Hoghton*, 15 Beav. 278, 305; *Archer* v. *Hudson*, 7 id. 551; *Baker* v. *Bradley*, 7 DeG., M. & G. 597; *Berdoc* v. *Deuron*, 11 Jur. [N. S.] 255; *Bury* v. *Oppenheim*, 26 Beav. 594.) The relation between mother and son was fiduciary. (*In re Hallet*, L. R. [13 Ch. Div.] 709.) The legal title stands for nothing against equitable rights. (*Hooley* v. *Gieve*, 9 Abb. [N. C.] 8; 82 N. Y. 625.) Even if the appellant made his mother his banker, it did not change his equitable ownership. (*In re Hallet*, L. R. [13 Ch. Div.] 710, 727; *Silsbury* v. *McCoon*, 5 N. Y. 380; *Day* v. *Roth*, 18 id. 448; *Newton* v. *Porter*, 69 id. 133; *Hooley* v. *Gieve*, 82 id. 625; 9 Abb. [N. C.] 8; *Pennell* v. *Deffell*, 4 DeG., M. & G. 372.) The appellant is a purchaser for a valuable consideration, without notice. (Perry on Trusts, § 185; Story on Cont. § 440; Story's Eq. Juris. §§ 131, 132.)

*Joseph F. Daly* for respondent. The Trial Term having found the facts in the case against the defendant, and that

finding having been affirmed by the General Term, this court will not consider the questions of fact further than to see if there is sufficient evidence to support the findings of fact. (*Quinby* v. *White*, 63 N. Y. 370; *Baldwin* v. *Doying*, 114 id. 452; *Hynes* v. *McDermott*, 91 id. 451.) The defendant's theory that the money in question was the result of his earnings has no foundation in fact, and was properly disregarded by the learned judge below. (*Elwood* v. *W. U. T. Co.*, 45 N. Y. 549; *Wohlfahrt* v. *Beckert*, 92 id. 490; *Sipple* v. *State*, 99 id. 284.) There is no statement in the case that all the evidence given upon the trial is contained therein, and this being so, the question of fact will not be reviewed here. (*Porter* v. *Smith*, 107 N. Y. 531.) There was no error prejudicial to defendant committed upon the trial in permitting the witness Kate Mason to testify as to the transaction between Bridget Prendergast and the plaintiff. (*Ward* v. *Kilpatrick*, 85 N. Y. 413; *Mead* v. *Shea*, 92 id. 122; Code Civ. Pro. § 829.) Where evidence is excluded upon a mere general objection the ruling will be upheld upon appeal if any ground and fact exist for the exclusion. (*Tooley* v. *Bacon*, 70 N. Y. 34; *In re N. Y. C. & H. R. R. R. Co.*, 90 id. 342; *King* v. *Whaley*, 59 Barb. 71; *Apthorp* v. *Comstock*, 2 Paige, 482.)

BRADLEY, J. The evidence on the part of the plaintiff was mainly furnished by the testimony of Catharine Mason, sister of the plaintiff, to the effect that Bridget Prendergast, the mother of the defendant, gave to her and the plaintiff $2,100 consummated by the delivery of that amount of currency to Catharine, with direction to deliver one-half of it to the plaintiff; that Catharine received the money pursuant to such gift and direction, and so advised the plaintiff, for whom, by consent of the latter, she held the one-half subject to her order. The donor died nearly a year afterward, and while the entire amount remained in the hands of Catharine, who within a few days thereafter was induced to permit the defendant to take the money. This was done without the knowledge or consent of the plaintiff. The defendant alleged that the

fund belonged to him, and testified that he had for several years been at work earning and receiving money which he handed to his mother, and that the money (this $2,100) was his money, and evidence of the declarations of his mother that the defendant had let her have money earned by him was given by the testimony of another witness. It appears that his mother had for several years made deposits of money in savings banks, and that shortly before she handed this money to Catharine she took it from the banks. The testimony of the defendant, taken as true, would have justified the conclusion that he was entitled to this money, but in view of his relation to the controversy and his interest in the result, the credibility to which his evidence was entitled was a matter for the consideration and determination of the trial court. The evidence on the part of the plaintiff tended to support the findings of the court. And upon the whole there were presented questions of fact upon which the conclusion of the trial court on this review must be deemed conclusive. There is evidence that the money which the defendant received and appropriated, was the identical money which was handed by his mother to Catharine, and, assuming, as we must upon the facts as found, that she held one-half of it for the plaintiff, the question of identity of that half by way of distinguishing it from the other is not important. The liability arose from the appropriation of money to which the plaintiff was entitled, and his refusal to pay it to her. This would support an action on her behalf as for money had and received to her use by the defendant. (*Pierson* v. *McCurdy*, 33 Hun, 520; 100 N. Y. 608.) And for the purpose of relief it was unnecessary to join Catharine as a plaintiff. (*Stall* v. *Wilbur*, 77 N. Y. 158)

It is contended that the evidence of Catharine relating to the transaction of the gift, which took place between Mrs. Prendergast and her, was not competent, and that it came within the inhibition of section 829 of the Code. But as the defendant did not derive his claim of title to the money from, through or under his mother, there seems to be no support for that contention. On the other hand, the plaintiff did acquire

whatever interest she had in it from the donor, deceased This rendered the defendant incompetent to testify to any transaction on the subject between him and his mother. And no evidence given by the plaintiff opened the way for such testimony of the defendant. The court refused to find any fact which tended to support the defendant's claim, and found all the facts essential to the recovery by the plaintiff. None of the exceptions are well taken, and, therefore, the judgment should be affirmed.

All concur except HAIGHT, J., not sitting.

Judgment affirmed.