### O'DONNELL *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.  February 11, 1891.)*

BAIL—ACTION TO RECOVER MONEY PAID ON FORFEITED RECOGNIZANCE.

    Where a judgment on a forfeited recognizance has been vacated, and the money paid thereon ordered repaid under section 1483 of the New York consolidation act, and the officer who received the money declines to pay over the same, resort can be had to an action to recover the money, the statute providing no further remedy than the service of the order on the officer who received the money.

Appeal from special term, New York county.

Action by Joseph O'Donnell against the mayor, etc., of the city of New York. Defendant appeals from a judgment overruling a demurrer to the complaint. Laws N. Y. 1882, c. 410, § 1483, providing for the vacation of judgments on forfeited recognizances, declares that "if such fine shall have been paid on judgment collected, in whole or in part, upon such forfeited recognizance, the court may, in its discretion, direct the same or any part thereof to be remitted, and the officer, district attorney, or chamberlain in whose hands the money remains must pay the same, or the part remitted, according to the order, retaining the costs, if any, as aforesaid."

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*William H. Clark*, for appellant.  *Alex. Thain*, for respondent.

DANIELS, J. The right of action relied upon in the complaint is for the recovery of money paid by the plaintiff to satisfy a judgment and execution against him for the failure to produce his principal, as he had become bound

to do by his obligation as bail. The principal was afterwards produced in court, pleaded guilty to the indictment, and was thereupon fined, and paid the fine. An application was then made to the court of general sessions in which the indictment had been pending to vacate the judgment under which the plaintiff had paid the money, and for an order directing the refunding of the money paid by the plaintiff as the bail, and that order was made by the court, under the authority of section 1483 of chapter 410 of the Laws of 1882, all the precedent requirements of which appeared to have been complied with. The order was served upon the comptroller, to whom the money had been finally paid by the chamberlain, and a demand was made upon him for its payment more than 30 days previous to the commencement of the suit. The demurrer was sustained on the ground that the complaint failed to state facts presenting a cause of action. The court held the objection to be without foundation, and overruled the demurrer, and final judgment was afterwards entered in the action. This decision has been objected to as erroneous, for the reason that the plaintiff should be restricted to the proceedings prescribed by this section of the act for the recovery of the money; but the section provides no further remedy than the service of the order on the officer who has received the money. If he declines to pay, as the comptroller has done in this case, the act provides no means which may be taken to oblige him to do so, and the only remedy, therefore, to which resort can then be had is that by way of an action to recover the money. The obstacle in the way of such an action has been removed by vacating the judgment, and the comptroller, as the fiscal officer of the city, has no longer any legal right to detain the money from the plaintiff. The case is similar to that presented by the reversal of a judgment after its collection by execution. There the party who has been obliged to make the payment may by action recover back the money so paid. *Scholey* v. *Halsey*, 72 N. Y. 578. And this principle has been applied to sustain the right to recover the amount of an erroneous assessment paid after the proceedings have been reversed by the action of the court, (*Peyser* v. *Mayor*, 70 N. Y. 497;) and its general application is sanctioned by *Mason* v. *Prendergast*, 120 N. Y. 536, 24 N. E. Rep. 806. Redress by action is all that has been secured to the plaintiff, since the comptroller has declined to pay. The right of the plaintiff to maintain it is reasonably well sustained, and the judgment should be affirmed, with costs. All concur.