THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE FIRST NATIONAL BANK OF JEFFERSONVILLE, Petitioner, against FRED SCHADT and Others, Constituting the Town Board of the Town of Callicoon, Defendants.*

Third Department, December 30, 1932.

---

* See, also, 145 Misc. 745.— [REP.

*Wm. G. Birmingham*, for the petitioner.

*William Deckelman*, for the defendants.

RHODES, J. The petitioner, a national banking corporation, heretofore paid to the county treasurer of Sullivan county, taxes imposed upon the issued and outstanding shares of its capital stock, such payments being made pursuant to the provisions of article 2 of the Tax Law of the State of New York, as amended by chapter 897 of the Laws of 1923. Under said law the said shares of stock were taxed for the years 1923, 1924, 1925 and 1926, and petitioner paid to the county treasurer as such taxes the following amounts on the following dates: $559.23, January 16, 1924; $617.55, January 2, 1925; $708.45, January 2, 1926; $813.15, December 28, 1926; of said sums the county treasurer paid to the town of Callicoon the amounts apportioned to it under said law as follows: $359.99, January 19, 1924; $399.38, January 12, 1925; $200.91, January 5, 1926; $238.81, January 11, 1927.

Thereafter, in an action in equity brought in Federal court, the said statute, as construed by the Circuit Court of Appeals, was held unconstitutional in *Public National Bank* v. *Keating* (47 F. [2d] 561). The decree of said court in said action was affirmed by the Supreme Court of the United States, which decided the matter on December 7, 1931 (284 U. S. 587).

Thereafter and on November 10, 1932, the petitioner presented a written verified claim in behalf of all its stockholders to the defendants for audit and allowance and for the return and payment of the amounts received by said town as aforesaid, and the said board rejected the claim and refused to pay the said amounts or any part thereof. Thereupon this proceeding was instituted on November 10, 1932.

The petitioner now asserts that the action of the town board in rejecting said claim should be reversed and that the claim should be allowed and paid.

The defendants raise the objection that the payments were made pursuant to a mistake of law voluntarily and with a full knowledge

of the facts and that, therefore, there can be no recovery.   Section 24-f of said law, as amended by chapter 153 of the Laws of 1917,* required every bank or banking association to collect the tax due upon its shares of stock from the several owners and to pay the same to the treasurer of the county wherein such bank was located. It imposed upon any bank failing to pay the said tax a liability by way of penalty for the gross amount of the taxes due from all the owners of the shares of stock, and an additional amount of $100 for every day of delay in the payment of said tax, and gave to every bank so paying said tax a lien on the shares of stock and on all property of the several share owners in its hands, or which at any time might come into its hands, for reimbursement of the taxes so paid on account of the several shareholders with legal interest, and authorized the enforcement of such lien in any appropriate manner.

In the case of *Ætna Ins. Co.* v. *Mayor* (153 N. Y. 331) it was held that the payment by a bank of the tax on its stockholders for stock  therein was an involuntary payment so far as the stock-holders were concerned, and a duress of the stockholders' property. By the statute then under construction, a lien was imposed upon the stock from the day when the property was assessed and any transfer of such property was subject to such lien.

In the statute now under consideration the lien attached to the stock in favor of the bank upon payment by it of the taxes due.

The defendants argue that the case cited is not applicable here because of the difference in the two statutes relative to the imposition of a lien.   The difference alluded to does not affect the principle enunciated in the case cited.

In the statute here involved the bank was required to pay.   If it failed to pay it was subject to a penalty.   If it did make payment it acquired a lien on the stockholders' property.   Under such a forceful proceeding it can hardly be argued that the payment was voluntary on the part of the stockholders.   It is admitted in the statement of facts that the said taxes were paid by the petitioner for and in behalf of its stockholders " without authorization, consent or assent of the said stockholders."   So far as the stockholders were concerned, resistance would have been futile even if they had known that the payment was to be made by the bank.   (See *People ex rel. American Exchange Nat. Bank* v. *Purdy*, 196 N. Y. 270; *Adrico Realty Corp.* v. *City of New York*, 250 id. 29.)

Under the authorities cited it must be held that as to the stock-holders, the payments made were involuntary and that an action may be maintained in their behalf to recover such payments.

---

* Repealed by Laws of 1926, chap. 286.— [REP.

The defendants interpose the further objection that the six-year Statute of Limitations applies and that the claim is, therefore, outlawed. Section 48 of the Civil Practice Act provides that an action upon a contract obligation or liability, express or implied, and not under seal, must be commenced within six years after the cause of action has accrued.

The action is for money had and received. (*Mason* v. *Prendergast*, 120 N. Y. 536.)

"The action is essentially one to recover back money which the defendant has received from the plaintiffs, but has no legal right to withhold from them." Such action is barred by the six-year Statute of Limitations. (*Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331; *Jex* v. *Mayor, etc.*, Id. 339.)

The petitioner became entitled to demand the return of the money immediately when it came into the hands of the officials of the town. At that time the petitioner was at once entitled to reimbursement and the cause of action was barred unless suit was brought thereon within six years from the time when the right to make the demand for reimbursement was completed. (*Reid* v. *Supervisors of Albany County*, 128 N. Y. 364.)

Six years prior to the date of the institution of this proceeding would be November 10, 1926; thus action to recover any payments prior thereto would be barred. One payment was made after that date, being the payment made by the bank to the county treasurer December 28, 1926, of $813.15, out of which payment the defendants received on January 11, 1927, the sum of $238.81. Plaintiff's claim, to that extent, is, therefore, a valid and subsisting one.

The determination of the defendants as to the items of the claim previous to the one last referred to should be confirmed. The determination as to the item of $238.81 received by the defendants on January 11, 1927, should be annulled and the matter remitted to the defendants, constituting the town board of the town of Callicoon, with directions that said defendants audit and pay said claim.

The decision herein should be without costs to either party.

Van Kirk, P. J., Hinman, Hill and Crapser, JJ., concur.

Determination of the defendants as to the items of the claim previous to the one of January 11, 1927, confirmed. Determination as to the item of $238.81, received by the defendants on January 11, 1927, annulled, and matter remitted to the defendants, constituting the town board of the town of Callicoon, with directions to audit and pay said claim, without costs.