COUNTY SECURITIES, INC., Plaintiff, *v.* WARWICK PROPERTIES, INC., CITY OF MOUNT VERNON and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Westchester County, December 28, 1940.

*Arthur M. Laufer*, for the plaintiff.

*Benjamin Sprung*, for the defendant Warwick Properties, Inc.

*Arthur H. Ellis, Corporation Counsel,* for the defendant City of Mount Vernon.

PATTERSON, J. This is a motion by the plaintiff for judgment on the pleadings and to strike out the affirmative defenses contained in the answer of the defendant city, which opposes the motion on the ground that the complaint does not state facts sufficient to entitle the plaintiff to judgment, and that, in any event, there are triable issues of fact.

I can see no triable issue here. The meat of the motion is, does the complaint state facts sufficient to entitle the plaintiff to judgment? The action is one to recover the amount paid by the plaintiff to the defendant city for the transfer of a tax lien. Subsequent to its purported purchase by plaintiff, it developed that the transfer of the tax lien was a void exercise of power by the defendant city in that the statute permitting the city to sell the tax lien was unconstitutional. Thus it stands conceded that the purported transfer of the lien was null and void. The plaintiff received nothing for the sum which he paid for the transfer of the lien,

namely, $2,189.73, and hence there was a complete failure of consideration. This brings us to the query whether under such circumstances one can recover back money paid to a municipality voluntarily under a mutual mistake of law and in the absence of fraud and misrepresentation. The absence of fraud, misrepresentation, coersion or duress is conceded. It must also be conceded that both parties had full knowledge of all of the facts pertinent to the transaction and that the payment was a voluntary one.

In an action brought to foreclose the transfer of tax lien purchased by the plaintiff, the defendant owner made a motion to dismiss the complaint on the ground that the local law of the city of Mount Vernon under which the lien had been assigned and transferred was unconstitutional. This motion was granted on the authority of *County Securities, Inc.*, v. *Secord* (278 N. Y. 34). The plaintiff thereupon brought the present action against the city of Mount Vernon to secure a refund of its purchase money.

There are two lines of cases cited by the parties, each of which has very doubtful application to the facts of this case. The first is the rule of *caveat emptor* in the sale of real property. There is no question, in the absence of covenants, the purchaser of real property acts at his peril. 4 Williston on Contracts (§ 926) says: " One who contracts to buy real estate may, indeed, refuse to complete the transaction if the vendor's title is bad, but one who accepts a deed generally has no remedy for defect of title except such as the covenants in his deed may give him. Therefore, if there are no covenants, he has no redress though he gets no title. He can neither sue on an implied warranty nor can he recover, because of failure of consideration, the consideration which he paid. The defense of so severe a rule must rest on the ground that in conveyances of land the parties habitually put their full agreement in the deed, at least with reference to title, and that if it is intended that the vendor shall be responsible for defective title, a warranty is inserted."

The above rule is dependent, of course, upon acceptance of a deed without covenants by the purchaser. There is no question of acceptance of any deed in this case, nor did the defendant municipality purport to transfer any title to real property to the plaintiff.

If the rule of *caveat emptor* applies to such transfers it is not because of any principle of real property law, because the transfer of a tax lien does not convey any estate in real property. *Gautier* v. *Ditmer* (204 N. Y. 20) gives an excellent summary of the rights conveyed by such a transfer. About the most such a transfer gives is the right to apply to the Supreme Court for a judgment of foreclosure and sale in the event the lien is not paid within the specified period.

The second line of cases cited by the parties are those dealing with voluntary payments of taxes and assessments. The law is well settled that one who voluntarily pays an illegal tax or assessment cannot recover it from a municipality. The payment is not voluntary if it is made without actual or constructive notice of its illegality. In these tax assessment cases there is always the element of a claim or demand by the municipality. The law is that any one who pays an unwarranted claim must be deemed to have waived his rights in the matter for reasons satisfactory to himself. The underlying principle is one of accord and satisfaction between the parties. Although it is generally a mutual mistake of law, it leads the municipality to believe it has a right to collect the assessment and the property owner to pay it.

In the present case there is no element of a voluntary payment by the plaintiff of a disputed claim against it, but, on the contrary, the contract is one of purchase and sale, or, more strictly, an assignment and transfer by the municipality of its rights to receive payment of the tax assessed against the real property and in the event of non-payment of tax, of its right to a judgment establishing the validity of the tax lien and directing a sale of the real property in an action to foreclose the lien of a mortgage.

The statement is frequently made in these transfers of tax lien cases that there is no implied warranty in the sale of real property. That is perfectly true, but there is, however, an implied warranty in every contract for the sale of lands that the vendor has good right to that which he assumes to sell, unless such warranty is expressly excluded from the terms of the contract. Such implied warranty does not, however, survive the delivery and acceptance of the deed. As the court said in *Chapman* v. *City of Brooklyn* (40 N. Y. 372, at p. 378), " These certificates were in the nature of contracts."

Treating the transfer as an assignment, here, again, there would be an implied warranty of the right of the assignor to assign.

The case most strongly relied upon by the plaintiff is *Chapman* v. *City of Brooklyn* (*supra*). I am of the opinion that the court decided this case on the following grounds: That the certificate the plaintiff received was in the nature of a contract to convey real property; that such a contract carried an implied warranty that the city had good title. As a matter of fact and law, the city had no title at all and was unable to execute a deed which it contracted to deliver and that, therefore, the plaintiff was entitled to a return of the money he had paid toward the purchase price since he had never been offered nor had he accepted a deed.

It would seem that the court decided this case just as if the tax lien certificate was a contract by a municipality to convey good title to certain real property. If the vendor is unable to convey title and the purchaser refuses to take a deed for anything less, the vendor is bound to refund the purchase price. If you grant the court's premises the result is undoubtedly sound.

On the other hand, the defendant relies largely upon the authority of *Coffin* v. *City of Brooklyn* (116 N. Y. 159). This case was decided on the ground that when the plaintiff received the assignment of all the city's right, title and interest in the tax lien he received all he had bargained and paid for. The city had the right to assign its interest in the tax lien even though such right, title and interest might subsequently prove to be worthless. In the present case, however, the city of Mount Vernon had no right or power whatever to execute and deliver an assignment of its tax lien. Furthermore, the city of Mount Vernon did not merely purport to assign all its right, title and interest in the transfer tax lien but it assigned and transferred the tax lien itself. This is not a case where the plaintiff is complaining that he was sold a tax lien which subsequently proved to be worthless. The tax lien in this case is a valid and subsisting lien. The plaintiff's grievance is that he never received an assignment and transfer of it and the purported assignment was a mere gesture. I do not think any one will contend that the paper document the plaintiff received was the consideration for the plaintiff's money. It was only the evidence of the nature of the transaction.

There is an implied warranty in an assignment of a chose in action. One who assigns for value a chose in action implies or warrants, in the absence of a manifestation of a contrary intention, that the claim is genuine, and, as such, legally enforcible to the amount, if any, specified in the assignment. (4 Williston, Contracts, § 445A; Restatement, Contracts, § 175.)

It may be asked how can the rule of implied warranty in an assignment of a chose in action be reconciled with the rule that there is no implied warranty in the transfer of a tax lien. I think the answer must be that in the assignment and transfer of a tax lien the rule of *caveat emptor* applies if the assignment was consummated, even though the transfer proves to be utterly worthless, but where the assignment never was consummated the rule of implied warranty applies. The test would be that in the case of an effective assignment of a worthless lien the city has, at least, divested itself of all right, title and interest in the lien and could not bring an action to enforce or test the validity of the lien. In the case of a wholly ineffectual assignment of a valid lien the city

has not divested itself of anything and still has complete control and ownership of the lien. The city cannot even claim that it gave the plaintiff a right of action with respect to the tax lien because under the decision of Judge ALDRICH the city never received even that much.

Generally, actions to recover for money paid, where there has been a complete failure of consideration, are founded upon implied promises to pay despite the absence of an expressed agreement. There exists a long line of decisions to this effect, the latest expression thereof being found in the case of *Pink* v. *T. G. & T. Co.* (274 N. Y. 167), where the court said, " Independent of any statute, form of action or legal nomenclature, the obligation to do justice rests upon all persons, natural or artificial, and the law will compel restitution from a person who obtains money or property from another fraudulently, unjustly, or without authority."

It is for the purpose of compelling restitution that this action is brought.

The above is but a restatement of the same principle invoked in *Chapman* v. *City of Brooklyn* (*supra*), where the court said, " No sound reason exists for exonerating even municipal corporations from the controlling effects of this wholesome principle; for it is equally as unjust and inequitable for them to retain money they have acquired without consideration, as it is for a private person to attempt to do so. No principle of morals or of law can be invoked against the latter, which does not apply with the same force to the case of the former."

This rule has been relaxed only in cases where the quality of the title conveyed by the municipality was questioned, not the authority or jurisdiction to convey. (*Clarke* v. *Mayor,* 111 N. Y. 621; *Ætna Ins. Co.* v. *Mayor,* 153 id. 331.)

These cases involved the payment of taxes. The case at bar is much stronger because it is not a question of the payment of taxes and assessments but a contractual transaction for the purchase of a lien on property which the city could not deliver. The tax in question was valid, but the city was completely without power to assign its taxes. The city, lacking jurisdiction to create an effective lien by assignment, must return to the plaintiff the money paid for such lien and the defense of voluntary payment is not applicable.

There appears to me to be a real distinction between an authorized transfer of what proves to be worthless through no fault of the municipality and an unauthorized attempt to exercise a non-existent power of transfer. The cases permitting recovery of payment of taxes illegally assessed seem more nearly analogous to the instant situation. In these cases a refund is justified on the

theory that a person has paid for that which in fact is not due. Here the plaintiff has paid its money to purchase that which the city, in fact, had no power to sell.

The defendant will be subjected to neither loss nor hardship in being required to refund the money in controversy because it has still the power to institute and carry out the proceedings required for the collection of the tax.

It is my opinion that the plaintiff's motion for judgment should be granted.