Chief Judge Bbeitbl.
In an article 78 proceeding (CPLR) brought by a national bank to recover invalidly levied municipal taxes for the years 1963-1966, the City of New York by its Finance Administration appeals. The Finance Administration denied petitioner’s claim solely on the ground that its refund application in 1968 had not been timely filed under the tax statute. The courts below allowed judgment in favor of the bank.
The principal issue is whether the bank, because it resorted to an article 78 proceeding, a remedy prescribed by the appli *91 cable taxing statute, is 'barred by the short time limitations in the statute. The bank contends that it is not so barred and, regardless of the special proceeding, it is pursuing a remedy in the nature of an action for moneys had and received, limited only by a six-year Statute of Limitations. The bank, however, would toll the Statute of Limitations from 1968, when it filed its claim under the statute, rather than 1971, when it brought the judicial proceeding.
The order of the Appellate Division should be modified. The resort to the special proceeding prescribed by the statute subjects the bank to its limitations, including the time to file a claim and to institute the proceeding. The courts, however, under CPLR 103 (subd. [c]) may convert the proceeding into a plenary action to recover moneys had and received, but in that event the six-year Statute of Limitations is tolled only when judicial proceedings are instituted. The filing of the claim or the adverse administrative determination rejecting the claim are to no avail in tolling the Statute of Limitations governing the plenary action. As a consequence, the bank may recover only those protested payments made up to six years prior to the bringing of judicial proceedings. The matter should be remitted to Special Term to be treated as a plenary áction for moneys had and received, and the city permitted to serve an answer, including, if it be so advised, a defense of Statute of Limitations.
Between September 23,1963 and December 19, 1966, the bank reported and paid $679,008.68 in city commercial rent or occupancy taxes, pursuant to chapter 46, title L, of the Administrative Code of the City of New York (Local Laws, 1936, No. 39 of City of New York; Laws 1963, ch. 257). Each quarterly payment was accompanied by written protest that the tax, as applied to a national bank, contravened both the Federal Constitution and Federal law because national banks are constitutionally immune from State and local taxes not authorized by section 5219 of the U. S. Revised Statutes (13 U. S. Stat. 111; U. S. Code, tit. 12, § 548; see U. S. Const., art. VI, cl. 2). After the protested payments the courts, in cases affecting other national banks, substantiated the bank’s position (see Liberty Nat. Bank v. Buscaglia, 21 N Y 2d 357, affd. upon rearg. 23 N Y 2d 933; Agricultural Nat. Bank v. Tax Comm., 392 U. S. 339, 345- *92 346; cf. Nettleton Co. v. Diamond, 27 N Y 2d 182,189). The city concedes this to be so.
The Commercial Rent or Occupancy Tax Law, the statute invalidly applied, requires that a written application for a refund of a tax erroneously, illegally, or unconstitutionally collected or paid be made within the later of 18 months from the date for filing the return or 6 months from the date of payment (Administrative Code of City of New York, § L469.0, subd. a). The statute also provides that the statutory remedy be exclusive, by stating that a determination on a refund application may not be reviewed except by an article 78 proceeding and in circumstances not now relevant, an action for a declaratory judgment (§ L46-10.0).
The bank did not apply for a refund pursuant to the statute until June 20, 1968. On February 11, 1971, after a delay of nearly three years, the City Finance Administration, applying the 18 months’ and 6 months’ time provisions, ruled that the claim was untimely filed as to $627,932.68 paid between June 1, 1963 and August 31,1966. The bank was refunded only the last quarterly payment of $51,076.
On March 11, 1971, the bank brought this special proceeding to review the adverse determination on its refund application. Later, on June 18, 1971, the bank started a separate plenary action for moneys had and received, an action which has been permitted to lie dormant and is not before the court.
Special Term, noting the unconstitutionality of the tax levy and the availability of remedies alternative to a refund claim under the statute, granted plaintiff judgment for the stated amount of $627,932.68, and denied the city’s motion to dismiss for untimeliness. The Appellate Division modified only to award petitioner 3% interest from the dates of payment, and otherwise affirmed the judgment.
The refund application filed on June 20, 1968 was untimely under section L46-9.0 as to the large part of the bank’s claim, because of the 18 months’ and 6 months’ limitations. When a tax statute, however, is alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable, it may be challenged in judicial proceedings other than those prescribed by the statute as “ exclusive the invalidity or total inapplicability affects the entire statute, including *93 the limitations and restrictions on the remedy provided in it (see Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234, 239; Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206-207; Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, 166-167, affd. 272 N. Y. 668). One method of collateral attack is a plenary action for moneys had and received (see New York R. T. Corp. v. City of New York, 275 N. Y. 258, 264, affd. 303 U. S. 573; Mercury Mach. Importing Corp. v. City of New York, 1 A D 2d 337, 340-341, revd. on other grounds 3 N Y 2d 418, 430). Such an action is based, in theory, upon a contractual obligation or liability, express or implied in law or fact, and is controlled only by the six-year Statute of Limitations (see Diefenthaler v. Mayor, 111 N. Y. 331, 337; People ex rel. First Nat. Bank v. Schadt, 237 App. Div. 233, 236; see, generally, Tax — Recovery Back — Limitations, Ann., 92 A. L. R. 1360).
The bank’s causes of action for moneys had and received accrued as it paid under protest the taxes unlawfully and unconstitutionally imposed upon it (see Aetna Ins. Co. v. Mayor, 153 N. Y. 331, 339-340; People ex rel. First Nat. Bank v. Schadt, 237 App. Div. 233, 236, supra). The causes of action having accrued, the bank could have avoided any time bar by pursuing a plenary action (see New York R. T. Corp. v. City of New York, 275 N. Y. 258, 264, affd. 303 U.. S. 573, supra). The bank until 1971, however, chose, to seek relief only by the statutory refund procedure.
An article 78 proceeding under the applicable tax statute could itself be the vehicle for attack on the tax statute for unlawful application or unconstitutionality, but only in seeking to review the administrative determination. In that event, it would be limited by the statutory procedure. The bank could not take part and reject part, as suits its purposes, of the statutory procedure. The special proceeding instituted on March 11, 1971, while timely to review the administrative determination, would also be limited by the statutory time preconditions to an administrative determination stipulated in the statute (see, e.g., Matter of United Piece Dye Works v. Joseph, 282 App. Div. 60, 64-65, affd. 307 N. Y. 780, cert. den. 348 U. S. 916; Mercury Mach. Importing Corp. v. City of New York, 1 A D 2d 337, 339-340, supra).
*94 The bank therefore urges alternatively that its article 78 proceeding be treated as a plenary action to recover moneys had and received, with the six-year limitation period measured from the filing of its refund application on June 20, 1968. The city on the other hand contends that the bank did not avail itself of this alternative common-law remedy until it started the separate plenary action on June 18,1971, and argues that the instant proceeding should be dismissed in view of the untimeliness of the refund application under section L46-9.0.
Under CPLR 103 (subd. [c]), the courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be in proper form, rather than to grant a dismissal, making whatever order is necessary for its proper prosecution (see, e.g., Phalen v. Theatrical Protective Union, 22 N Y 2d 34, 41-42, cert. den. 393 U. S. 1000). Because the petition raised the statute’s unlawful application and unconstitutionality, and a proper form of action was available, the courts should regard the problem as one of improper form only. Consequently, the special proceeding should be converted into an action for moneys had and received to avoid dismissal as to a substantial part of the relief sought. This treatment is particularly warranted here in the interest of justice and equity (cf., e.g., Mercury Mach. Importing Corp. v. City of New York, supra; Guaranty Trust Co. v. State of New York, 271 App. Div. 711, 714).
In computing the six-year limitation on the plenary action, however, the bank’s claim must be deemed interposed on March 11,1971, when the notice of petition was served, not, as the bank contends, on June 20, 1968, the date the refund application was filed see CPLR 103, subd. [b]; CPLR 105, subd. [b]; CPLR 203, subd. [b]; see, generally, 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.07). Filing the application, moreover, did not toll the Statute of Limitations beyond 30 days, the period during which petitioner was barred from instituting an action or proceeding by subdivision a of section 394a-1.0 of the Administrative Code (see CPLR 204, subd. [a]). Upon remittal, therefore, the city should be permitted to serve an answer, pleading, if it be so advised, the Statute of Limitations (CPLR 3018, subd. [b]).
*95 Finally, on that portion of the taxes, refund of which is not barred by the Statute of Limitations, the bank should be awarded, as it was at the Appellate Division, interest at 3% from the dates of payment (see Matter of Brodsky v. Murphy, 25 N Y 2d 518, 521-523; Matter of O’Berry, 179 N. Y. 285, 286-291; see, generally, Tax Refund or Credit — Interest, Ann., 88 ALR 2d 823, 827).
Accordingly, the order of the Appellate Division should be modified, without costs, by vacating the judgment in favor of the bank, and the matter remitted to Special Term for proceedings in accordance with this opinion.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein and, as so modified, affirmed.