■ F. K. B. A. ASSOCIATES, Appellant, v IVAN E. IRRIZARRY, as Finance Administrator of the Finance Administration of the City of New York, et al., Respondents.—Appeal from order, Supreme Court, New York County, entered June 26, 1977, dismissed without costs or disbursements on the grounds that the order was subsumed in the subsequently entered order and judgment on the appeal from which the order has been reviewed. (CPLR 5501, subd [a], par 1.) Order and judgment (one paper), Supreme Court, New York County, entered January 23, 1978, unanimously affirmed for the reasons stated by Justice Schwartz, without costs or disbursements. We do not pass on the question of whether an action in contract would lie (see *Matter of First Nat. City Bank v City of New York Fin. Admin.,* 36 NY2d 87). Concur—Birns, J. P., Silverman, Evans, Fein and Lane, JJ.

■ EDITH GRODIN, Respondent, v IRVING TRUST COMPANY et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered on December 12, 1977, denying the defendants' motion to dismiss the complaint is unanimously affirmed, without costs or disbursements. In affirming, we note the sufficiency of the complaint insofar as it seeks to invalidate the *inter vivos* trust. Consequently, we need not reach and do not pass upon the sufficiency of plaintiff's challenge to the Totten trusts. Concur —Kupferman, J. P., Evans, Lane, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ANDREWS, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 16, 1977, convicting defendant of robbery in the first degree, and sentencing him to an indeterminate term having a maximum of 12 years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of deeming the conviction vacated, granting defendant youthful offender status, sentencing him to probation, and remanding the matter to the sentencing court for the imposition of the conditions of probation, and, except, as thus modified, affirmed. In view of defendant's age, the fact that this was his first adult conflict with the law, and his minimal involvement in the robbery, it was improvident to deny defendant youthful offender treatment. In fact, the presentence report found him amenable to probation supervision, and recommended that he be adjudicated a youthful offender. In light of such a background we impose a sentence of probation (CPL 410.10, subd 1) and remand for imposition of the conditions thereof (Penal Law § 65.10). Concur—Kupferman, J. P., Evans, Lane, Sandler and Sullivan, JJ.