■ In the Matter of SCARBOROUGH SCHOOL CORP. et al., Respondents, v ASSESSOR OF THE TOWN OF OSSINING et al., Appellants, et al., Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review the 1979 assessment on certain real property, the Assessors of the Town of Ossining and Village of Briarcliff Manor and the town and village appeal from an order of the Supreme Court, Westchester County (Sullivan, J.), entered December 3, 1982, which denied their respective motions to dismiss the instant proceeding as untimely. Leave to appeal is granted by Justice Mangano. Order modified by converting this article 78 proceeding into an action for moneys had and received. As so modified, order affirmed, with one bill of cost payable to the petitioners. Petitioners commenced this CPLR article 78 proceeding on March 17, 1982 to challenge the validity and legality of the actions of the Town Assessor of the Town of Ossining and the Village Assessor of the Village of Briarcliff Manor in placing certain real property on the assessment rolls, which had previously been tax exempt under section 421 of the Real Property Tax Law. The petition, which alleges that petitioners paid the assessment under protest, seeks, *inter alia,* to recover the taxes paid. In issue is whether the proceeding was timely. In applying the Statute of Limitations the courts look to the nature of the action and not its form (*Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945, 946). Where an assessor erroneously fails or refuses to wholly exempt real property the taxing authority acts without jurisdiction, and the resulting tax is a nullity. Under such circumstances the taxpayer is not restricted to the remedy of pursuing a tax certiorari proceeding under article 7 of the Real Property Tax Law but may seek redress "in an action in equity (asserting that the void assessment is a cloud on title), in an article 78 proceeding or in a declaratory judgment action" (*Stabile v Half Hollow Hills Cent. School Dist., supra,* p 946), or where the taxes are paid under protest, by an action for moneys had and received, notwithstanding that the assessment has yet to be set aside or vacated (*Aetna Ins. Co. v Mayor of City of N. Y.,* 153 NY 331, 337-340; *Bruecher v Village of Port Chester,* 101 NY 240, 244; *Newman v Board of Supervisors,* 45 NY 676, 688). Although petitioners have cast this matter as an article 78 proceeding, an examination of the allegations in the petition reveals that the petitioners' claim for a refund of taxes paid under protest is in the nature of a plenary action for moneys had

and received (*Matter of First Nat. City Bank v City of New York Fin. Admin.*, 36 NY2d 87; *World Plan Executive Council — United States v Town of Fallsburg*, 92 AD2d 1047). "Such an action is based, in theory, upon a contractual obligation or liability, express or implied in law or fact, and is controlled by a six-year Statute of Limitations" (*Matter of First Nat. City Bank v City of New York Fin. Admin., supra*, p 93; see, also, *People ex rel. First Nat. Bank of Jeffersonville v Schadt*, 237 App Div 233, 236; *County Securities v Warwick Props.*, 176 Misc 272, 276). Since a proper form of action was available, to avoid dismissal the special proceeding should be converted into an action for moneys had and received (CPLR 103, subd [c]; *Matter of First Nat. City Bank v City of New York Fin. Admin., supra*, p 94). As such the action was timely. The cause of action accrued upon payment of the allegedly unlawful taxes under protest on April 30, 1981 and the action to recover same is deemed interposed when the notice of petition was served (*Matter of First Nat. City Bank v City of New York Fin. Admin., supra*, pp 93-94) on March 17, 1982, well within the six-year limitations period. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.