■ BOARD OF EDUCATION OF THE COLD SPRING HARBOR CENTRAL SCHOOL DISTRICT et al., Respondents, v ANTONIA RETTALI-ATA, as Supervisor of the Town of Huntington, et al., Appellants. (Action No. 1.) BOARD OF EDUCATION OF THE COMMACK UNION FREE SCHOOL DISTRICT, Respondent, v ANTONIA RETTA-LIATA, as Supervisor of the Town of Huntington et al., Appellants. (Action No. 7.)—In related actions for moneys had and received, the defendants appeal, (1) in Action No. 1, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Brown, J.), dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiffs' cross motion for partial summary judgment on the

issue of liability, and (2), in Action No. 7, from an order and judgment (one paper) of the same court, also dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiff's cross motion for partial summary judgment on the issue of liability. By decision and order dated August 20, 1990, this court reversed those orders and judgments *(see, Board of Educ. v Rettaliata,* 164 AD2d 900). On June 13, 1991, the Court of Appeals reversed the decision and order of this court, and remitted the matters to this court for a determination in accordance with its decision *(see, Board of Educ. v Rettaliata,* 78 NY2d 128). Justices Miller and O'Brien have been substituted for former Justice Brown and the late Justice Kooper *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order and judgment in Action No. 1 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, a computation of the interest owing to the plaintiff school districts and the entry of a judgment in their favor for the amounts owed to them; and it is further,

Ordered that the order and judgment in Action No. 7 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, a computation of the interest owing to the plaintiff school district and the entry of a judgment in its favor for the amount owed to it; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Court of Appeals, having determined that the plaintiff school districts may maintain causes of action against the defendant Town of Huntington for moneys had and received and that interest is recoverable for the periods within which the town failed to timely pay over the tax revenues, we find that the applicable Statute of Limitations for a cause of action for moneys had and received is six years *(see, Matter of First Natl. City Bank v City of New York Fin. Admin.,* 36 NY2d 87; *Cohen v City Co.,* 283 NY 112; *Moore v Richmond Hill Sav. Bank,* 117 AD2d 27; *Matter of Scarborough School Corp. v Assessor of Town of Ossining,* 97 AD2d 476).

Accordingly, we remit these matters to the Supreme Court, Suffolk County, for a computation of the interest owing for the six-year period during which the Town of Huntington made untimely payments to the plaintiff school districts. We have examined the contentions advanced by the Town of Huntington and find them unpersuasive. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.