OPINION OF THE COURT
Robert C. Williams, J.
This case presents the issue whether an action for money had and received, brought to recover taxes illegally assessed, is subject to the four-month Statute of Limitations of CPLR 217 (which governs CPLR article 78 proceedings), or the six-year Statute of Limitations of CPLR 213 (2) (which governs contract actions). The court concludes that an action for money had and received is subject to CPLR 213 (2) even where the plaintiff seeks to recover taxes illegally assessed.[1]
The plaintiff Kahal Bnei Emunim and Talmud Torah Bnei Simon Israel moves for an order (1) granting leave to plaintiff to serve and file a supplemental complaint, [and] (2) granting accelerated summary judgment in favor of plaintiff in sum of $11,006.78 plus interest. The court grants the plaintiff leave to serve and file a supplemental complaint, but denies the motion for summary judgment as premature.
The court first addresses the plaintiffs motion for leave to serve and file a supplemental complaint. Leave to file supplemental complaints shall be freely given upon such terms as may be just (CPLR 3025 [b]). The plaintiff seeks to supplement its complaint by adding a cause of action for money had and received. The defendants Sullivan County and the Town of Fallsburg oppose the motion because, they claim, the plain *1047 tiff’s action for money had and received is governed by the four-month Statute of Limitations of CPLR 217. The defendants argue that because the limitations period has expired, the court would eventually have to dismiss the supplemental complaint anyway. The court notes that it may examine the viability of a proposed cause of action in deciding whether to allow a party to amend or supplement its complaint (East Asiatic Co. v Corash, 34 AD2d 432 [1970]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:11, at 360 [1991]).
The plaintiff is a religious organization which claims that it was tax exempt for the year 1987. However, the Town of Fallsburg placed the plaintiff on its tax rolls for that year because the plaintiff did not submit an application for exemption, as required by the State Board of Equalization and Assessment (SBEA). The plaintiff then brought this action, seeking a declaratory judgment that the assessment was void.
The matter eventually reached the Court of Appeals, which held that the plaintiff’s entitlement to exemption from taxation could not be made to depend on the timely filing of an application (Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 201 [1991]). However, the Court found that the Statute of Limitations barred the plaintiff from obtaining a refund of its 1987 taxes in a declaratory judgment action: "[A] challenge to such an assessment must be made within the four-month time limitation applicable to proceedings pursuant to CPLR article 78” (supra). Elaborating on this point, the Court explained (at 205): "The 'void’ assessment may be challenged in an article 78 proceeding or in a declaratory judgment action (see, Matter of Watchtower Bible & Tract Socy. v Lewisohn, 35 NY2d 92 [improper withdrawal of prior exemption]; Troy Towers Redevelopment Co. v City of Troy, 51 AD2d 173, affd on opn below 41 NY2d 816; Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 10.09 [2d ed]). Kahal’s argument that such a declaratory judgment action is governed either by those cases which hold that an equity action to 'clear a cloud on title’ may be brought at any time or by the 'catch-all’ six-year limitation of CPLR 213 (1) is without merit. In Solnick v Whalen (49 NY2d 224, 229) we noted that that six-year limitation does not 'automatically or necessarily govern[ ] all such actions.’ Rather we pointed out that if an examination of the substance of the relationship out of which the claim arises 'reveals that the rights of the parties sought *1048 to be stabilized in an action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action.’ (Id., at 229-230; see also, Press v County of Monroe, 50 NY2d 695.)” Thus, even though the plaintiff sought declaratory judgment, its claim was governed by the four-month limitations period of CPLR 217, not the six-year "catch-all” provision of CPLR 213 (1).
Recognizing that it cannot recover its 1987 taxes in a declaratory judgment action or a CPLR article 78 proceeding, the plaintiff now seeks to supplement its complaint to assert a cause of action for money had and received. An action for money had and received is "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another” (Parsa v State of New York, 64 NY2d 143, 148 [1984]). The remedy is available when one person obtains money from another " 'through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass’ ” (supra, quoting Miller v Schloss, 218 NY 400, 408). An action for money had and received is an action at law (supra). It lies when taxes have been collected without jurisdiction or in violation of constitutional authority, and the taxpayer paid the tax under formal written protest or duress (Matter of Trizec W. v City of New York, 66 NY2d 807, 809 [1985]; City of Rochester v Chiarella, 86 AD2d 110 [1982], affd 58 NY2d 316 [1983]; Matter of Scarborough School Corp. v Assessor of Town of Ossining, 97 AD2d 476 [1983]).[2]
The defendants argue that the Court of Appeals decision in Kahal Bnei (supra) must be read to hold that a cause of action for tax moneys had and received is subject to the four-month limitation period of CPLR 217. The court disagrees.
Unlike a declaratory judgment action, an action for money had and received is governed by a specific limitations period. "Such an action is based, in theory, upon a contractual obligation or liability, express or implied in law and in fact, *1049 and. is controlled only by the six-year Statute of Limitations” set forth at CPLR 213 (2) (Matter of First Natl. City Bank v City of New York, 36 NY2d 87, 93 [1975] [emphasis added]). Following First Natl. City Bank (supra), the Appellate Divisions and Supreme Courts have found that actions for money had and received are subject to the six-year limitations period even when the plaintiff challenges a tax assessment (Board of Educ. v Rettaliata, 181 AD2d 648, 649 [1992]; Matter of Scarborough School Corp. v Assessor of Town of Ossining, 97 AD2d 476, supra; World Plan Executive Council v Town of Fallsburg, 92 AD2d 1047 [1983]; Capolino Design & Renovation v Assessors of City of Yonkers, 138 Misc 2d 811 [1987]).
The court rejects the defendants’ suggestion that Kahal Bnei (supra) undermines the holdings of First Natl. City Bank (supra) and its progeny: Kahal Bnei is merely an extension of the Court of Appeals previous holdings in Solnick v Whalen (49 NY2d 224, 229 [1980], supra) and Press v County of Monroe (50 NY2d 695 [1980], supra), and does not pertain to actions for money had and received. In a matter closely analogous to the case at bar, the Court of Appeals reasoned: "The rule set forth in Solnick and Press does not require, as the State seems to argue, that all proceedings challenging State actions be commenced within four months. When a specific limitations period is clearly applicable to a given action, there is no need to ascertain whether another form of proceeding is available for resolution of the dispute. As we held in Murphy, a judicial action for discriminatory discharge commenced pursuant to the Human Rights Law is governed by a three-year Statute of Limitations; we need look no further to determine whether a shorter period might be applicable had plaintiff attempted to have his rights adjudicated by some other procedure” (Koerner v State of New York, 62 NY2d 442, 447 [1984]). Thus, since actions for money had and received are governed by the six-year limitations period for contracts set forth at CPLR 217 (2) (First Natl. City Bank v City of New York, supra, 36 NY2d, at 93), the rule of Press and Solnick does not apply.
In its supplemental complaint, the plaintiff alleges that its 1987 tax was void and that it paid the tax under protest (see, n 2, supra). Thus, the supplemental complaint states a cause of action for money had and received. Since both parties agree that the six-year limitations period has not expired, and since the defendants have not shown that allowing the supplemental complaint will prejudice them, the court will grant the plaintiff leave to serve and file a supplemental complaint.
*1050 However, the plaintiff’s motion for summary judgment must be denied because it is premature. "Any party may move for summary judgment in any action, after issue has been joined” (CPLR 3212 [a]). The Appellate Division, Third Department, has held that Supreme Court is powerless to grant summary judgment on an amended complaint if the defendant has not yet answered the new cause of action raised in the complaint (State Univ. Constr. Fund v Aetna Cas. & Sur. Co., 169 AD2d 52 [1991]).
The same result should apply when the plaintiff asserts a new cause of action in a complaint labelled "supplemental” (see, CPLR 3025 [d] [stating that defendants must answer supplemental and amended complaints]). Accordingly, the court denies the plaintiff’s summary judgment motion, but notes that the plaintiff may review the motion after issue has been joined (Inland Credit Corp. v Bluds, 27 AD2d 928 [1967]).

. The same issue was raised but not decided in American Theological Inst. v Town of Thompson (Sup Ct, Sullivan County, Dec. 10, 1992, Williams, J., index No. 1797/92). In American Theological, I found that the plaintiff had not stated a cause of action for money had and received (supra, slip opn, at 9). Therefore, I did not reach the issue of which limitations period governed that cause of action (supra, slip opn, at 16).

. In its proposed supplemental complaint, the plaintiff alleges that the tax was void and that it paid the tax under protest. When the plaintiff paid its bill, it allegedly sent a letter to the County stating that it was paying "under protest” because the tax was void. When a tax is wholly void, the taxing officers have acted "without jurisdiction” (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, supra, 78 NY2d, at 205; Elmhurst Fire Co. v City of New York, 213 NY 87, 90-91 [1914]).