In an action, inter alia, for money had and received, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated January 7, 2002, which granted that branch of the motion of the defendant Mahopac Central School District which was to dismiss the complaint insofar as asserted against it as time-barred, and granted the separate motion of the defendant Town of Carmel to dismiss the complaint insofar as asserted against it.
Ordered that the order is modified by deleting the provision thereof granting the motion of the defendant Town of Carmel, and substituting therefor a provision granting that branch of the motion which was to dismiss, in effect, as time-barred all claims against it accruing before August 14, 1994, and otherwise denying the motion; as so modified, the order is affirmed, with costs to the defendant Mahopac Central School District payable by the plaintiffs. .
The plaintiffs commenced this action on August 14, 2000, to *419 recover approximately $1,350,000 in school taxes, which they alleged had been wrongfully paid by the defendant Town of Carmel (hereinafter Carmel) to the defendant Mahopac Central School District (hereinafter Mahopac) for the tax years 1989-1990 through 1995-1996. The complaint alleged causes of action to recover money had and received and for unjust enrichment against Mahopac, and a cause of action to recover money had and received against Carmel. Thereafter, Mahopac and Carmel separately moved to dismiss the complaint insofar as asserted against them. The Supreme Court granted both motions.
Contrary to the plaintiffs’ contention, the Supreme Court properly dismissed the complaint insofar as asserted against Mahopac as time-barred. Insofar as is relevant here, an action against a school district must be commenced within one year after the cause of action accrues (see Education Law § 3813 [2-b]; Allshine, C.S. v South Orangetown Cent. School Dist., 305 AD2d 617 [2003]; Bias Limud Torah v County of Sullivan, 290 AD2d 856, 858 [2002]; Lancaster Towers Assoc. v Assessor of Town of Lancaster, 259 AD2d 1001, 1002 [1999]). The cause of action for money had and received accrued at the time of the alleged wrongful payment by Carmel to Mahopac (see Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d 87 [1975]; Matter of Scarborough School Corp. v Assessor of Town of Ossining, 97 AD2d 476 [1983]). The cause of action to recover damages for unjust enrichment started to run upon the occurrence of the wrongful act giving rise to a duty of restitution (see Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503 [1993]). Thus, the plaintiffs’ causes of action accrued, at the latest, in 1997. As this action was not commenced until August 14, 2000, the action against Mahopac was time-barred.
With regard to Carmel, although the Supreme Court improperly applied the doctrine of laches to dismiss the complaint (see Matter of Ecumenical Task Force of Niagara Frontier v Love Canal Area Revitalization Agency, 179 AD2d 261, 265 [1992]), a six-year statute of limitations (see CPLR 213; Matter of First Natl. City Bank v City of N.Y. Fin. Admin., supra; Board of Educ. of Sachem Cent. School Dist. at Holbrook v Jones, 205 AD2d 486, 487 [1994]), bars the recovery against that defendant of money had and received before August 14, 1994. S. Miller, J.E, Goldstein, Adams and Rivera, JJ., concur.