Stein, J.
Appeal from an order of the Supreme Court (Teresi, J.), entered February 5, 2013 in Albany County, which, among other things, denied defendant’s cross motion for summary judgment dismissing the complaint.
*1186 Plaintiffs are the owners and operators of hydroelectric power plants (hereinafter hydros) that are located downstream from the Conklingville Dam (hereinafter the Dam). Defendant is a New York public benefit corporation that maintains and operates dams — including the Dam — reservoirs and appurtenant facilities in the Hudson River and Black River districts for the purpose of regulating the rivers’ flow (see ECL 15-2103, 15-2137). Because of the headwater benefits[1] resulting from the Dam, defendant has, since the 1920s, levied annual assessments upon hydros such as plaintiffs to recover capital, maintenance and operating costs with respect to the Dam (see ECL 15-2121 [2]; 15-2123, 15-2125).
In 2002, defendant received a license from the Federal Energy Regulatory Commission (hereinafter FERC), after which it continued to levy assessments. In 2006, Albany Engineering Corporation (hereinafter AEC) — another hydro — filed a complaint with FERC challenging the assessments levied by defendant since it became a FERC licensee. FERC concluded that certain costs assessed by defendant were preempted by the Federal Power Act (see 16 USC § 803 [f]), but that it was unauthorized to direct defendant to issue refunds for assessments paid. AEC appealed that decision arguing, among other things, that all costs assessed by defendant were preempted and that FERC should have issued refunds. In 2008, the US Court of Appeals for the District of Columbia found in favor of AEC, holding that, because the Federal Power Act preempted state law, defendant did not have the authority to assess hydros for headwater benefits pursuant to ECL 15-2121, and remitted the matter to FERC to determine the appropriate remedy (see Albany Eng’g Corp. v Federal Energy Regulatory Commn., 548 F3d 1071, 1079 [2008]).[2]
Plaintiffs commenced this action in June 2012, seeking a *1187 refund of the assessments they paid to defendant between 2002 and 2008 on the basis that such assessments were unauthorized and, therefore, that defendant had been unjustly enriched. After issue was joined, plaintiffs moved for summary judgment in their favor and defendant cross-moved for summary judgment dismissing the complaint, this time asserting, among other things, that the action was untimely. Supreme Court found that the action was timely commenced, that defendant was collaterally estopped by its decision in the AEC action from raising certain defenses, and that plaintiffs were entitled to summary judgment in their favor. Defendant now appeals.
Inasmuch as we find merit to defendant’s assertion that plaintiffs’ claims are time-barred, we reverse. The basis for Supreme Court’s determination that the action was timely was that it was brought on a theory of unjust enrichment, for which the appropriate statute of limitations is six years (see CPLR 213 [l]).[3] However, for the reasons that follow, we agree with defendant’s contention that Supreme Court erred in applying a six-year statute of limitations because, even though plaintiffs have now labeled their cause of action as one for unjust enrichment, they could have raised their claim for refunds in a CPLR article 78 proceeding challenging each annual assessment, for which the applicable statute of limitations is four months (see CPLR 217 [1]).
“Where, as here, governmental activity is being challenged, the immediate inquiry is whether the challenge could have been advanced in a CPLR article 78 proceeding” (Matter of Adirondack Med. Center-Uihlein v Daines, 119 AD3d 1175, 1176 [2014] [emphasis added; internal quotation marks omitted]; accord Thrun v Cuomo, 112 AD3d 1038, 1040 [2013], lv denied 22 NY3d 865 [2014]; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1089 [2012]; see Bango v Gouverneur Volunteer Rescue Squad, Inc., 101 AD3d 1556, 1557 [2012]). Thus, whether plaintiffs’ “claims are subject to the four-month statute of limitations period under CPLR article 78 . . . turns on whether the parties’ rights could have been resolved in an article 78 proceeding” (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; accord *1188 New York Coalition for Quality Assisted Living, Inc. v Novello, 53 AD3d 914, 916 [2008], lv denied 11 NY3d 715 [2009]). Indeed, the analysis does not depend upon how plaintiffs label their claims but, rather, we “must look to the underlying claim and the nature of the relief sought and determine whether such claim could have been properly made in another form” (Thrun v Cuomo, 112 AD3d at 1040 [internal quotation marks and citation omitted]). The purpose of this rule, which results in the imposition of a short statute of limitations to governmental action, is to ensure “that the operation of government [will] not be trammeled by stale litigation and stale determinations” (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 206 [1994] [internal quotation marks and citations omitted]; see Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 359 [1978] [Breitel, Ch. J., dissenting]; Matter of Terrace HealthCare Ctr., Inc. v Novello, 54 AD3d 643, 647 [2008], lv denied 12 NY3d 712 [2009]; Rosenthal v City of New York, 283 AD2d 156, 159 [2001], lv dismissed 97 NY2d 654 [2001]).
Here, in concluding that a six-year statute of limitations applied because plaintiffs characterized their claim as being based on unjust enrichment, Supreme Court failed to recognize that, inasmuch as the relief sought was premised upon defendant’s lack of authority to levy the annual assessments — as opposed to a challenge to the constitutionality of the statute pursuant to which the assessments were made (see Thrun v Cuomo, 112 AD3d at 1040; compare Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d 87, 93 [1975]) — plaintiffs could have raised the claim of federal preemption in one or more CPLR article 78 proceedings contesting each levied assessment (see ECL 15-2125 [3]; Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y., 10 NY3d 392, 402-405 [2008]; Matter of Holtzman v Oliensis, 91 NY2d 488, 497 [1998]; Matter of Consolidated Edison Co. of N.Y. v Public Serv. Commn., 63 NY2d 424, 433-441 [1984], appeal dismissed 470 US 1075 [1985]; compare Mary K. v Levy, 109 AD3d 587, 588 [2013]). Moreover, the refunds that plaintiffs now seek would have been available as incidental relief in such proceedings (see CPLR 7806; Whitmer v New York State Dept. of Taxation & Fin., 120 AD3d 1590, 1592 [2014]).
We are unpersuaded by plaintiffs’ assertion that a CPLR article 78 proceeding would not lie because their claims are for damages only. Although plaintiffs are not now seeking a determination with respect to the validity of defendant’s administrative conduct, this is so only because the challenged conduct of defendant — the levy of assessments — was contested in the FERC *1189 proceeding and the federal AEC action and was determined therein to be unauthorized because the assessments were preempted by federal law. However, such determination is not relevant to whether plaintiffs could have challenged defendant’s conduct in a CPLR article 78 proceeding in the first instance.
We also reject plaintiffs’ argument that, because defendant was a licensee of FERC, proceedings before that agency provided the exclusive forum for their preemption challenge. Plaintiffs challenged defendant’s authority as a state public benefit corporation to issue assessments under state law; defendant’s status as a FERC licensee was relevant only because it resulted in federal preemption of its authority under the state statute. Unlike plaintiffs, we do not read FERC’s decision as holding that a federal challenge was the only forum in which the issue of preemption could have been raised.[4]
Nor are we convinced that, under these circumstances, plaintiffs are entitled to avoid the shortened limitations period by bringing a collateral attack on the assessments (compare Regional Economic Community Action Program, Inc. v Enlarged City School Dist. of Middletown, 18 NY3d 474, 476 [2012]; Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d at 93). Here, plaintiffs failed to bring a CPLR article 78 proceeding — although they could have — or provide other prompt notice to defendant that the assessments were being challenged. In this regard, we also note that, from 2002 to 2006, plaintiffs paid the assessments without any indication that they were doing so under protest or otherwise providing notice to defendant that the assessments were being challenged.[5] Consistent with the reason for a shortened limitations period, notification to a municipality that a payment is being made under protest is essential to warn the municipality that “it may be obliged to refund the [payment] and must be prepared to meet that contingency” (Video Aid Corp. v Town of Wallkill, 85 NY2d 663, 667 [1995]; see Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 489 [2009]; City of Rochester v Chiarella, 58 NY2d 316, 323 [1983]). Considering that plaintiffs did not challenge the levied assessments here until 2006, at the earliest, and made no representation that their payments were being made under protest (compare Matter of First Natl. City *1190 Bank v City of N.Y. Fin. Admin., 36 NY2d at 93), defendant was not on notice that it faced the possibility that it might be required to refund such payments. This is precisely the scenario sought to be prevented by a shortened limitations period for a CPLR article 78 proceeding and by the protest requirement.
In short, plaintiffs paid assessments for the six-year period in question without asserting any state challenge thereto and, only after receiving the favorable federal AEC decision with respect to another hydro, did they commence this action — in the guise of an unjust enrichment claim — seeking the return of payments made as long as a decade before. If permitted to engage in such course of conduct, plaintiffs and others similarly situated could wait a prolonged period of time to challenge defendant’s authority to impose assessments. In our view, this would be contrary to the very purpose of imposing a short statute of limitations for challenges to governmental action. For all of the foregoing reasons, we conclude that plaintiffs’ claims are subject to a four-month statute of limitations (see CPLR 217 [1]), running from the date each annual assessment was paid (see Regional Economic Community Action Program, Inc. v Enlarged City School Dist. of Middletown, 18 NY3d at 480; Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d at 93). Therefore, plaintiffs’ action was untimely and should have been dismissed. To the extent not specifically addressed, we have examined the parties’ remaining contentions and find them to be either lacking in merit or rendered academic by this determination.
Peters, PJ., Rose, Egan Jr. and Clark, JJ., concur.
Ordered that the order is reversed, on the law, with costs, plaintiffs’ motion denied, defendant’s cross motion granted, summary judgment awarded to defendant and complaint dismissed.

. Headwater benefits are described as “the additional energy production possible at a downstream hydropower project resulting from the regulation of river flows by an upstream storage reservoir” (https://www.ferc.gov/industries/ hydropower/gen-info/comp-admin/headwater.asp [accessed Nov. 10, 2014]).

. On remand, FERC determined that settlement proceedings would be commenced and, if unsuccessful, that a headwater benefits investigation would be initiated. FERC also noted that AEC had the right to seek refunds in the courts. AEC then commenced an action in Supreme Court seeking a refund of all assessments it had paid to defendant after 2002, asserting that defendant had been unjustly enriched by such unauthorized assessments. Supreme Court (Teresi, J.) granted summary judgment to AEC and issued a judgment in its favor for the full amount requested, plus interest (Albany Eng’g Corp. v Hudson Riv.lBlack Riv. Regulating Dist., 2012 NY Slip Op 30814[U] [Sup Ct, Albany County 2012]). On appeal, after finding that many of defendant’s asserted defenses — including, as pertinent here, that the action was time-barred *1187 and that the assessments were not paid under protest — were not properly before this Court because they had not been raised at the trial level, we affirmed the award of summary judgment to AEC, but modified the amount of the judgment and remitted the matter to Supreme Court for further proceedings not relevant in the case now before us (Albany Eng’g Corp. v Hudson River/Black Riv. Regulating Dist, 110 AD3d 1220, 1223-1224 [2013]).

. Supreme Court further found — incorrectly in our view — that the claim accrued at the time of the 2008 federal AEC decision.

. Notably, while plaintiffs joined the FERC proceeding, they were not parties to the federal AEC action. Further, while FERC decided that it did not have the authority to order refunds and concluded that refunds could be pursued in the courts, it did not address the question of whether a proceeding for refunds would be timely under state law.

. Plaintiffs concede that defendant had no notice that they were seeking refunds until 2006, when they appeared before FERC.