| |
|---|
| **MNY 7th Corp. v City of New York** |
| 2024 NY Slip Op 31961(U) |
| June 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151521/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**
*Justice*

|  |  |  |
|---|---|---|
| PART | | 11M |

------------------------------------------------------------------------------X

MNY 7TH CORP.

Plaintiff,

- v -

THE CITY OF NEW YORK,

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151521/2023 |
| MOTION DATE | 03/29/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for         DISMISSAL       .

Defendant New York City Department of Finance moves to dismiss the complaint pursuant to CPLR 3211 (a) (2) (lack of subject matter jurisdiction) and (7) (failure to state a cause of action).

Plaintiff MNY 7th Corp. operates a deli in New York City. From 2015 to 2018, plaintiff, by its accountants, filed federal, state, and city income tax returns, but did not file any New York City Commercial Rent Tax returns. Plaintiff alleges that its accountants did not advise it that it had to file New York City Commercial Tax Return.

Plaintiff lacked prior knowledge of New York City tax laws, including Commercial Rent Tax for a commercial business in New York City. Plaintiff's president, Mariana Ramirez, is an immigrant from Ecuador whose first language is Spanish. Plaintiff relied on its accountants to file the proper tax returns. Plaintiff terminated those accountants and retained a new accountant, Prkash Chavda, CPA PC.

Defendants determined that plaintiff owed $164,550.79 in commercial rent tax, penalties, and interest and, in 2022, garnished plaintiff's bank accounts for that amount. Plaintiff seeks a

declaratory judgment that plaintiff owes defendant only $15,600.00 in commercial rent tax for each year of 2015, 2016, 2017, and 2018, or a total $62,400.00 without any interest and penalties, and an order requiring defendant to reimburse plaintiff the excessive sum of $102,150.79 from the monies garnished from plaintiff's bank accounts. Alternatively, plaintiff seeks a declaration that its total tax liability is $62,400.00 plus the appropriate penalties for failing to file any returns for said years, and that reasonable cause exists to waive all interest for each filing year.

The parties' allegations and the records reflect the following sequence of events. On January 27, 2020, defendant notified plaintiff that it would be auditing plaintiff on March 3, 2020 (NYSCEF 13). On August 6, 2020, plaintiff agreed that defendant could electronically transmit tax information to plaintiff and to Chavda, plaintiff's new accountant, and plaintiff submitted to defendant a power of attorney form designating Chavda, as its designated representative (NYSCEF 14, 15).

On August 14, 2020, defendant sent plaintiff a "Consent to Adjust Audit" apprising it of the commercial rent tax due on May 31, 2015, May 31, 2016, May 31, 2017, and May 31, 2018, along with penalties and interest. The tax was $77,709.60, the penalty was $29,500.03, the interest $30,453.92. The total amount owed was $137,663.55 (NYSCEF 2). Defendant alleges that plaintiff did not return the consent.

On October 2, 2020, by certified mail, defendant sent plaintiff and Chavda a "Notice of Determination," (NOD) dated September 30, 2020, informing plaintiff that it owed $138,757.98, in taxes, interest, and penalty. The notice stated that if "you" disagree with the total tax, interest, and penalty for any listed tax period, "you" have the right to file a request for a "Conciliation Conference or a petition for hearing" within 90 days from the mailing date. If "you" do not

**151521/2023   MNY 7TH CORP. vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 2 of 7**

2 of 7

make payment or file a request for conciliation conference or file a petition for a hearing within the given time, the deficiency will become an assessment subject to collection. The NOD also stated, "Failure to pay or to file Request for Conciliation or Petition for Hearing within the given time will result in the issuance of a warrant. A warrant is equivalent to a judgment and will become a lien on your real or personal property" (NYSCEF 16).

December 31, 2020 was the 90th day from the October 2, 2020 mailing of the NOD to plaintiff and the accountant. Plaintiff did not pay the sums owed and did not request a conciliation conference or petition for a hearing before the 90 day deadline ended.

On February 9, 2021, defendant entered an administrative judgment against plaintiff in the amount of $140,161.36 under Index Number 595343/2021, and notified the New York County Judgment Clerk's Office of the judgment and of defendant's issuance of a warrant for said sum (NYSCEF 4). Plaintiff alleges that the warrant was never served on it.

On June 17, 2021, defendant sent plaintiff a "Financial Statement of Account" with increased amounts of interest and penalties, with the total coming to $145,184.95 (NYSCEF 1, complaint, ¶ 14). On August 25, 2022, an "Execution with Notice to Garnishee" pursuant to a new warrant, was issued, reflecting increased penalty and interest and the total amount of $164,550.79 (NYSCEF 5).

On September 1, 2022, defendant served a garnishment order on plaintiff's two bank accounts at TD Bank, seeking to garnish the amount of $164,550.79 pursuant to the August 25, 2022 warrant against plaintiff (NYSCEF 1, complaint, 15). On September 22, 2022, Chavda requested a conciliation conference. Defendant denied the request as untimely. Defendant executed the garnishment order and received $164,550.79 from plaintiff's bank accounts.

**151521/2023   MNY 7TH CORP. vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 3 of 7**

3 of 7

On January 17, 2023, plaintiff retained the Law Offices of Andrew J. Spinnell, LLC, its present counsel, to prepare and file the Commercial Rent Tax returns for the four years. Plaintiff asserts that the correct amount of tax for each year was $15,600, less than the amounts calculated by defendant. Plaintiff commenced this action on February 21, 2023.

Prior to retaining its instant counsel, plaintiff alleges, it knew of no attorney or tax professional who had knowledge of and experience in filing Commercial Rent Tax returns, so plaintiff was not able to file returns from 2015-2018 until plaintiff's present law firm filed the same prior to commencing this lawsuit. Plaintiff did not respond to defendant's request for plaintiff's consent to adjust audit, because plaintiff believed that defendant's calculations were wrong, but lacked the knowledge to challenge the calculations. Plaintiff's accountants were "silent and apparently unfamiliar with Commercial Rent Tax" (NYSCEF 1, complaint, ¶ 12).

Plaintiff contends that it neither knew, nor should have known, that its previous accountants lacked knowledge of the relevant law regarding the obligation to file Commercial Rent Tax returns. Plaintiff relied in good faith on those accountants. By reason of its unfamiliarity with tax laws and good faith reliance, plaintiff has reasonable cause for its failure to file the tax returns that is sufficient for defendant to waive all interest and penalties.

Pursuant to CPLR 3211 (a) (2) an action should be dismissed when "the court has not jurisdiction of the subject matter of the cause of action." Defendant contends that this proceeding should be dismissed pursuant to CPLR 3211 (a) (2), because this Court lacks subject matter jurisdiction to hear these claims inasmuch as plaintiff failed to exhaust its exclusive statutory remedies prior to commencing this action.

The commercial rent tax is governed by Administrative Code of City of New York (Administrative Code) § 11-701 *et seq.* Section § 11-710 provides that "the remedies provided

**151521/2023   MNY 7TH CORP. vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 4 of 7**

4 of 7

by this chapter shall be the exclusive remedies available to any person for the review of tax liability imposed by this chapter." Judicial review of a tax statute that contains an exclusive remedies provision is limited to the manner prescribed by statute (*Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 321 [2003]; *Nasca v Manion,* 219 AD3d 1436, 1437 [2d Dept 2023]). Where the complainant has not exhausted the exclusive statutory remedies, the court lacks subject matter jurisdiction to entertain the complaint (*see IKON Bus. Group, Inc. v Police Athletic League, Inc.*, 65 Misc 3d 1226[A], 2019 NY Slip Op 51852[U] *2 [Sup Ct, NY County 2019]; *Chandler v New York City Dept. of Fin.*, 58 Misc 3d 1204[A], 2017 NY Slip Op 51921[U], *2 [Sup Ct, Kings County 2017]).

Two exceptions to the exclusive remedy requirement exist, when a statute is unconstitutional or when the statute is "wholly inapplicable" (*Bankers Trust*, 1 NY3d at 321 [internal quotation marks and citation omitted]). When an exception applies, the entire statute is invalid or inapplicable, including the limitations placed on the remedy (*id.*; *Matter of First Natl. City Bank v New York Fin. Admin.*, 36 NY2d 87, 92-93 [1975]). Plaintiff does not claim that it exhausted the administrative remedies or that any exception applies to the exclusive remedy provision in Administrative Code § 11-710.

In opposition to the motion, plaintiff states that penalties should be refunded. Tax Law § 1145 (a) (1) (i) imposes a penalty for the failure to timely file a return or pay any tax imposed by Articles 28 and 29 of the Tax Law. Penalties may be abated if such failure or delay was due to reasonable cause and not due to willful neglect (Tax Law § 1145 [a] [1] [iii]; 20 NYCRR 2392.1 [a] [1]).

Plaintiff refers to part (d) (5) of 20 NYCRR 2392.1, defining "additional grounds" for reasonable clause as "any other ground for delinquency which would appear to a person of

**151521/2023 MNY 7TH CORP. vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 5 of 7**

5 of 7

ordinary prudence and intelligence as a reasonable cause for delay and which clearly indicates an absence of willful neglect." Plaintiff asserts that it relied totally on the tax professionals and that when it realized that the first set of accountants had no knowledge about CRT, which was when the warrant and garnishment for $164,550.79 were issued, it terminated those professionals and hired Chavda.

In 2020, defendant audited plaintiff, plaintiff had a chance to adjust the results of the audit, and plaintiff received an NOD that it had 90 days from October 2, to challenge the tax calculations. Months before the NOD was sent to plaintiff, Chavda possessed power of attorney for plaintiff. However, plaintiff requested no remedy until commencing this action in February 2023. While a taxpayer's reasonable reliance on professional advice may constitute reasonable cause (20 NYCRR 2392.1 [g] [iv]), that is not the case here. Plaintiff did not seek redress, although having ample time.

Even when a taxpayer relies on a tax professional, as plaintiff relied on her first set of accountants, the taxpayer must show that it acted reasonably, "'with ordinary business care and prudence in attempting to ascertain his tax liability,'" (*Matter of the Petition of Techar and Matter of the Petition of Frascella*, 2023 WL 6066601, *19, 2023 NY Tax LEXIS 122, *45-46 [NY St Div of Tax Appeals DTA Nos. 830479, 830481, Sept. 7, 2023], quoting *Matter of McGaughey*, Tax Appeals Tribunal, March 19, 1998, *aff* 268 AD2d 802, 803 [3d Dept 2000]).

"It has been held that the most important factor in determining whether reasonable cause and good faith exist is the extent of the taxpayer's efforts to ascertain its proper tax liability" (*Matter of the Petition of Lendlease Americas Holdings, Inc. & Subsidiaries*, 2023 WL 5005239, *33, 2023 NY Tax LEXIS 90, *88 [NY St Div of Tax Appeals DTA No. 829540, July 27, 2023]). Plaintiff did not demonstrate sufficient efforts to ascertain its tax liability.

**151521/2023   MNY 7TH CORP. vs. THE CITY OF NEW YORK**                    **Page 6 of 7**
**Motion No.  001**

6 of 7

[* 7]

Defendant states correctly that plaintiff's deadline to request a conciliation conference or file a petition was December 31, 2020, 90 days after the October 2, 2020 mailing. Plaintiff, through its accountant waited until September 22, 2022 to request a conciliation conference, 630 days after the deadline. Plaintiff failed to exercise either of these remedies by December 31, 2020 (*see Matter of the Petition of Indira Patel & Bhargavi Patel*, 2015 WL 3922453, *2 [Tax Appeals Trib., City of New York, TAT(H) 14-23 (RP), May 8, 2015]).

Thus, even if subject matter jurisdiction existed, the complaint would be dismissed. Based on the foregoing, it is hereby

ORDERED that defendant's motion to dismiss the complaint is granted and that the complaint is hereby dismissed.

20240607120820LFRANK6698D9AB7596441484C94BBE9BC916F7

| 6/6/2024 | | | | |
|---|---|---|---|---|
| DATE | | | LYLE E. FRANK, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151521/2023   MNY 7TH CORP. vs. THE CITY OF NEW YORK**
**Motion No.  001**

Page 7 of 7

7 of 7