■ REGIONAL ECONOMIC COMMUNITY ACTION PROGRAM, INC., Appellant, v ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, Respondent. [912 NYS2d 301]—

In an action for money had and received, the plaintiff appeals

from a judgment of the Supreme Court, Orange County (Ritter, J.), entered December 16, 2009, which, upon an order of the same court dated October 13, 2009, inter alia, denying its motion for summary judgment and granting that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Regional Economic Community Action Program, Inc. (hereinafter RECAP), is a charitable corporation located in the City of Middletown. In 2004, after the City, the entity responsible for listing certain RECAP properties as fully taxable on the tax assessment rolls used by both the City and the defendant, Enlarged City School District of Middletown (hereinafter the District), denied RECAP's applications for tax exemptions pursuant to RPTL 420-a, RECAP commenced a CPLR article 78 proceeding against the City, seeking to review its determination. In 2008 the matter came before the Court of Appeals, which ruled that the RECAP properties at issue were tax-exempt pursuant to RPTL 420-a (1) (a) (see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 215-217 [2008]). The City agreed to refund the real property taxes it had received from RECAP for the tax year 2004/2005.

In January 2009, RECAP similarly sought repayment from the District for school taxes paid from 2004 through 2007. When the District refused to refund the money, RECAP commenced this action against it for money had and received.

The plaintiff moved for summary judgment, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint prior to the completion of discovery. Finding that RECAP failed to present a notice of claim to the District pursuant to Education Law § 3813 (1), the Supreme Court denied RECAP's motion and granted that branch of the District's cross motion which was for summary judgment dismissing the complaint. RECAP appeals.

We affirm, but on a different ground (see Menorah Nursing Home v Zukov, 153 AD2d 13, 19 [1989]). "[I]t is incumbent upon the taxpayer to establish appropriate legal protest prior to or at the time of payment as a prerequisite to recovery in an action seeking refunds" (Corporate Prop. Invs. v Board of Assessors of County of Nassau, 153 AD2d 656, 660 [1989], affd 80 NY2d 961 [1992]; see Video Aid Corp. v Town of Wallkill, 85 NY2d 663, 666 [1995]; City of Rochester v Chiarella, 58 NY2d 316, 323 [1983]). RECAP failed to satisfy this requirement. Al-

though RECAP states that it submitted a protest letter with each tax payment to the District during the relevant period, the record reflects that the letter only addressed city tax payments, as opposed to District tax payments. Moreover, the fact that RECAP commenced the CPLR article 78 proceeding against the City did not put the District on notice of the involuntary nature of the payments, as the District was not a party to that proceeding (*see Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors*, 239 AD2d 831, 833 [1997]).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.