[964 NE2d 396, 941 NYS2d 25]

REGIONAL ECONOMIC COMMUNITY ACTION PROGRAM, INC., Appellant, v ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, Respondent.

Argued January 4, 2012; decided February 16, 2012

**POINTS OF COUNSEL**

*James G. Sweeney, P.C.*, Goshen (*James G. Sweeney* of counsel), for appellant. I. The "voluntary payment" rule should be abandoned, at least in the context of this case. (*Peyser v Mayor of City of N.Y.*, 70 NY 497; *Tripler v Mayor of City of N.Y.*, 125 NY 617; *Matter of Trustees of Vil. of Delhi*, 201 NY 408; *Adrico Realty Corp. v City of New York*, 250 NY 29; *Municipal Metallic Bed Mfg. Corp. v Dobbs*, 253 NY 313; *People v Marrero*, 69 NY2d 382; *Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418; *Five Boro Elec. Contrs. Assn. v City of New York*, 12 NY2d 146; *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415; *City of Rochester v Chiarella*, 58 NY2d 316.) II. The Enlarged City School District of Middletown stands in the stead of the City of Middletown and is bound by Regional Economic Community Action Program, Inc.'s claim against the City. (*Xerox Corp. v Town of Webster*, 131 Misc 2d 817; *Center v Hampton Affiliates*, 66 NY2d 782; *People ex rel. Wessell, Nickel & Gross v Craig*, 236 NY 100; *Corporate Prop. Invs. v Board of*

*Assessors of County of Nassau*, 153 AD2d 656; *Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors*, 239 AD2d 831.) III. The letter of protest received by the Enlarged City School District of Middletown was sufficient to apprise it of Regional Economic Community Action Program, Inc.'s challenge. (*Corporate Prop. Invs. v Board of Assessors of County of Nassau*, 153 AD2d 656; *Nassau Ins. Co. v Murray*, 46 NY2d 828.) IV. The Enlarged City School District of Middletown's other defenses fail. (*Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 96 NY2d 512; *Niagara Mohawk Power Corp. v City School Dist. of City of Troy*, 59 NY2d 262; *Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87; *Matter of City of White Plains v City of New York*, 63 AD2d 396, 46 NY2d 707; *Jenad, Inc. v Village of Scarsdale*, 35 Misc 2d 450; *Matter of Castaways Motel v Schuyler*, 24 NY2d 120; *People v Lo Cicero*, 14 NY2d 374.)

*Donoghue, Thomas, Auslander & Drohan, LLP*, Hopewell Junction (*Daniel Petigrow* and *Neelanjan Coudhury* of counsel), for respondent. I. Assuming Regional Economic Community Action Program, Inc. paid its taxes to the Enlarged City School District of Middletown under protest, it is barred from maintaining this action under the one-year statute of limitations dictated by Education Law § 3813 (2-b). (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87; *Board of Educ. of Cold Spring Harbor Cent. School Dist. v Rettaliata*, 181 AD2d 648; *Matter of Scarborough School Corp. v Assessor of Town of Ossining*, 97 AD2d 476; *World Plan Executive Council-U. S. v Town of Fallsburg*, 92 AD2d 1047; *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 159 Misc 2d 1045; *K. Capolino Design & Renovation v Assessors of City of Yonkers*, 138 Misc 2d 811; *North Salem Cent. School Dist. v Mahopac Cent. School Dist.*, 1 AD3d 418; *Bias Limud Torah v County of Sullivan*, 290 AD2d 856, 305 AD2d 972; *Lancaster Towers Assoc. v Assessor of Town of Lancaster*, 259 AD2d 1001; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367.) II. In the absence of any evidence that Regional Economic Community Action Program, Inc. protested its tax payments, the Enlarged City School District of Middletown should not be forced to refund school taxes collected at the time they were properly levied and collected. (*Matter of Szkolnik v Allen*, 21 AD2d 729, 15 NY2d 765; *Xerox Corp. v Town of Webster*, 131 Misc 2d 817; *Matter of District Three IUE Hous. Dev. Fund Corp. v Buckley*, 74 Misc 2d 1078; *Matter of Rochester Sav. Bank v County of Monroe*, 169 Misc 526; *Matter of FMC Corp. [Peroxygen Chems.*

*Div.] v Unmack*, 92 NY2d 179; *Hurd v City of Buffalo*, 34 NY2d 628; *Bethlehem Steel Corp. v Board of Educ. of City School Dist. of Lackawanna*, 44 NY2d 831; *Foss v City of Rochester*, 65 NY2d 247; *Forward v Webster Cent. School Dist.*, 136 AD2d 277; *Gandolfi v City of Yonkers*, 101 AD2d 188, 62 NY2d 995.) III. If, as Regional Economic Community Action Program, Inc. contends, the Enlarged City School District of Middletown should be bound by the Court's decision in *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown* (10 NY3d 205 [2008]), then it should have been named as a necessary party in the original CPLR article 78 proceeding. (*City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469; *First Natl. Bank of Amsterdam v Shuler*, 153 NY 163; *Pettersen v Town of Fort Ann*, 23 Misc 3d 549; *Matter of Einstoss*, 26 NY2d 181; *Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25; *Living Springs Retreat v County of Putnam*, 159 AD2d 693; *Matter of Macy's Primary Real Estate v Assessor of City of White Plains*, 291 AD2d 73.)

*Jay Worona*, Latham, and *Aileen Abrams* for New York State School Boards Association, Inc., amicus curiae. The court below properly determined that plaintiff-appellant is not entitled to a refund of school taxes it paid because it failed to provide legal notice of its intent to seek a refund to the Enlarged City School District of Middletown, either prior to or at the time of payment of the taxes. (*Video Aid Corp. v Town of Wallkill*, 85 NY2d 663; *Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418; *Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors*, 239 AD2d 831; *City of Rochester v Chiarella*, 58 NY2d 316; *Forward v Webster Cent. School Dist.*, 136 AD2d 277; *Hurd v City of Buffalo*, 41 AD2d 402; *Foss v City of Rochester*, 65 NY2d 247; *Matter of Brookview Apts. v Stuhlman*, 278 AD2d 825; *Matter of Raymond v Honeywell*, 58 Misc 2d 903; *Matter of Haddad v City of Hudson*, 6 AD3d 1018.)

**OPINION OF THE COURT**

PIGOTT, J.

In this appeal, we are asked to determine the statute of limitations governing a taxpayer's claim against a school district for money had and received arising from an erroneous assessment of school taxes and when such claim accrues. We hold that Education Law § 3813 (2-b)'s one-year statute of limitations applies and that the claim for money had and received accrues when the taxes are paid.

Regional Economic Community Action Program, Inc. (RE-CAP) is a tax-exempt charitable organization and owner of properties in the City of Middletown that provide housing for participants in RECAP's "Community Re-Entry Program." In February 2004, the City rejected RECAP's Real Property Tax Law § 420-a application for a charitable tax exemption, and assessed taxes against the properties accordingly. These assessments, by virtue of their inclusion on the City's final tax rolls, became part of the tax roll adopted by the Enlarged City School District of Middletown (the District).

In June 2004, without giving notice to the District, RECAP commenced a CPLR article 78 proceeding against the City, challenging the legality of the assessments. During the pendency of that proceeding, RECAP paid both city and school taxes for the years 2003-2004 through 2007-2008. According to RECAP, it included a letter with those payments stating that it was paying its taxes to the City "under protest." In March 2008, this Court concluded that RECAP was entitled to the exemption (see *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 212, 217 [2008]), and it thereafter recovered the property taxes it had paid the City.

In January 2009, RECAP demanded that the District refund RECAP's tax payments for the 2003-2004 through 2007-2008 tax years. Upon the District's refusal, RECAP commenced this action in April 2009 asserting a claim for money had and received, seeking over $142,000. Both parties moved for summary judgment, the District asserting, among other things, that RECAP's cause of action was time-barred under Education Law § 3813 (2-b).

Supreme Court granted the District's cross motion, holding that RECAP failed to comply with section 3813's notice of claim and one-year statute of limitations provisions (see Education Law § 3813 [1], [2-b]). The Appellate Division affirmed on a different ground, holding that although RECAP may have submitted a letter with its tax payments to the City stating that such payments were "under protest," that letter referred to city tax payments alone, not those made to the District (79 AD3d 723 [2d Dept 2010]). We affirm, solely on the statute of limitations ground adopted by Supreme Court.

We reject RECAP's contention that its claim for money had and received is governed by a six-year statute of limitations.

To be sure, a taxpayer may recover taxes paid pursuant to a wrongful assessment under that theory and, because such a claim is premised "upon a contractual obligation or liability, express or implied in law or fact," it is generally governed by a six-year statute of limitations (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 93 [1975]; *see also Diefenthaler v Mayor of City of N.Y.*, 111 NY 331, 337-338 [1888]). That limitation period is inapplicable here, however, because RECAP seeks recovery against a school district, which is entitled to rely on Education Law § 3813 (2-b).

According to section 3813 (2-b)—which governs non-tort claims against school districts—*"notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding,* no [such] action or special proceeding shall be commenced against [a school district] . . . more than one year after the cause of action arose" (emphasis supplied). The plain language of section 3813 (2-b) refutes RECAP's claim that the longer six-year statute of limitations governs. Therefore, RECAP had one year from the date the cause of action arose within which to bring its claim.

■ RECAP asserts that its entire claim accrued in March 2009—when the District refused to issue a refund—relying on Education Law § 3813 (1), which states that "[i]n the case of an action or special proceeding for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied." That provision is inapplicable to this type of claim.

In 1992, the Legislature amended section 3813 (1) by adding the "accrual" language to clarify the accrual date for filing a notice of claim as a precondition to a suit brought against a school district by a party in a contractual relationship with the district (*see* Mem in Support, Bill Jacket, L 1992, ch 387; *see also* Education Law § 3813 [1]). But RECAP and the District do not have a contractual relationship. Although a cause of action for money had and received is an action based on an implied contract, this designation is "a misnomer because it is not an action founded on contract at all; it is an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another" (*Parsa v State of New York*, 64 NY2d 143, 148 [1984], citing *Miller v Schloss*, 218 NY 400, 406-407 [1916]). Because section 3813 (1) addresses notice of claim requirements for parties who have a contractual

relationship with the school district, RECAP's section 3813 (1) accrual date argument is without merit.

We conclude that RECAP's cause of action for money had and received accrued when it paid the taxes (*see First Natl. City Bank*, 36 NY2d at 93). Even assuming RECAP's last payment was made "under protest" in October 2007, as RECAP claims, RECAP did not commence this action until April 2009, outside the one-year statute of limitations, rendering RECAP's claim time-barred.* Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.

---

* Given our holding, we need not address RECAP's contentions that RECAP paid the school taxes "under protest" or that RECAP complied with section 3813 (1)'s notice of claim requirements.