*Smith v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
               RICHARD C. WESLEY,
               SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

THEODORE SMITH,

                        *Plaintiff-Appellant*,

                        v.                                                    No. 15-3059

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, & NEW YORK CITY
DEPARTMENT OF INVESTIGATION, SPECIAL
COMMISSIONER OF INVESTIGATION FOR THE NEW
YORK CITY SCHOOL DISTRICT,

                        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:          ERICA DUBNO, Herald Price Fahringer PLLC, New York, NY
                                          (Stewart L. Karlin, Stewart Lee Karlin Law Group, P.C., New
                                          York, NY, *on the brief*).

For Defendants-Appellees:     JONATHAN A. POPOLOW (Scott Shorr, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Theodore Smith appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) that dismissed his 42 U.S.C. § 1983 and state law breach of contract claims premised on alleged retaliation by Defendants-Appellees New York City Department of Education (the "DOE") and the City of New York in violation of the First Amendment.[1] Smith's complaint alleges that when he was a physical education teacher at a New York City public school, he voiced concerns to the principal about the school's overcrowding of students in his classroom. He alleges that, in retaliation for that speech, the defendants began a targeted campaign of harassment against him that prompted a disciplinary hearing pursuant to Education Law § 3020-a (a "§ 3020-a hearing"), which, in turn, triggered other events and a second § 3020-a hearing that ultimately resulted in Smith's termination in June 2010. The district court dismissed Smith's complaint on a number of grounds including the running of applicable statutes of limitations, collateral estoppel, and Smith's failure to state a claim of retaliation under the First Amendment. For the reasons discussed herein, we AFFIRM

---

[1] The district court also dismissed Smith's claim based on the Employee Retirement Income Security Act of 1974, but Smith does not challenge the dismissal of that claim in this appeal. In addition, the district court dismissed all claims against defendants Special Commissioner of Investigation for the New York City School District and New York City Department of Investigation, because they lack independent legal existence and the capacity to be sued. Smith also does not challenge that ruling. Therefore, the only remaining defendants-appellees are the City of New York and the DOE.

the judgment of the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo the district court's grant of a motion to dismiss. *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006) (per curiam). Dismissal on statute of limitations grounds is appropriate at the pleadings stage "only if a complaint clearly shows the claim is out of time." *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999). We agree with the district court that Smith's § 1983 claim and breach of contract claim are time-barred, and thus need not reach the defendants' alternative grounds for affirmance.

"The statute of limitations for claims brought under [§] 1983 is governed by state law," and, in the present case, the three-year period for personal injury actions under New York state law applies. *Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009). "Federal law determines when a [§] 1983 cause of action accrues, and we have ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (internal quotation marks omitted). Smith was terminated in June 2010 — and his retaliation claim thus accrued no later than that month — but he did not file this lawsuit until April 2014.

Smith attempts to bring his claim within the applicable statutes of limitations by invoking the "continuing violation" doctrine, which constitutes an "exception to the normal knew-or-should-have-known accrual date." *Harris*, 186 F.3d at 248. The exception applies "to claims 'composed of a series of separate acts that collectively constitute one unlawful [ ] practice.'" *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (alteration in original) (quoting *Washington v. Cty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004)). Smith argues that the doctrine applies

3

here because he has been subjected to continuing retaliation in the form of his placement on the DOE's "no hire list" (which he alleges he discovered in July 2014), the denial of access to his medical records, and disparaging remarks on the part of the defendants.

Smith's reliance on the continuing violation doctrine is misplaced for several reasons. *First*, the continuing violation doctrine is limited "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment" — such as hostile work environment claims — and, when the doctrine does apply, "the limitations period begins to run when the defendant has 'engaged in enough activity to make out an actionable . . . claim.'" *Id.* (omission in original) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Here, as plaintiff's counsel conceded at oral argument, Smith's § 1983 claim was ripe when he was terminated. Nor could Smith contend otherwise, given that he brought this cause of action *before* he claims to have discovered his placement on the "no hire list." Thus, even assuming the continuing violation doctrine *could* apply to this context, the limitations period began to run on Smith's claim no later than Smith's date of termination and had expired by the time he brought this action.

*Second*, it is undisputed that Smith's placement on the "no hire list" was a direct consequence of his termination. Given that, Smith's placement on the list cannot be deemed a "separate" act for purposes of the continuing violation doctrine; it was simply a downstream effect of termination. That Smith may have been unaware of this consequence is neither here nor there. It is blackletter law that a claim "accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (internal quotation mark omitted).[2]

---

[2] Smith's allegations regarding denial of access to medical records and disparaging remarks are too vague and conclusory to support his § 1983 claim standing alone.

As is undisputed, the applicable statute of limitations for Smith's breach of contract claim against the DOE is one year.[3] *See* N.Y. Educ. Law § 3813(2–b); *Reg'l Econ. Cmty. Action Program, Inc. v. Enlarged City Sch. Dist. of Middletown*, 18 N.Y.3d 474, 478-79 (2012). "A cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach." *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (applying New York law). Smith's breach of contract claim is premised on his allegations of retaliation culminating in termination and, accordingly, this claim too is untimely.

Finally, we reject Smith's argument that the pertinent statutes of limitations should be equitably tolled. "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (3d Dep't 2005)). No such circumstances are plausibly alleged here.

We have considered Smith's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.[4]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[3] Smith does not challenge the district court's determination that he has no plausible claim for breach of contract against the City of New York, since his employment was with the DOE and not the City.

[4] Smith's pending motion for leave to file a supplemental appendix is denied as moot.

5